**Emmett BURKHAM, Appellant,**

v.

**W. V. WARD et ux., Appellees.**

No. 7251.

Court of Civil Appeals of Texas.

Texarkana.

April 26, 1960.

Fulton, Hancock, McClain & Moye, W. C. Hancock, Pittsburg, for appellant.

Smith & Hall, Marshall, for appellees.

FANNING, Justice.

The procedural facts disclosed by the record in this case show the appeal bond

was not timely filed and that this court must dismiss the appeal for lack of jurisdiction.

The judgment of the trial court was rendered August 27, 1959. The appellant, as defendant in the trial court, filed a motion for new trial on September 2, 1959. No amended motion for new trial was thereafter filed. The motion for new trial was heard by the trial court on September 25, 1959 but it was not determined by the trial court within 45 days after it was filed. The written order of the trial court overruling the motion for new trial was rendered, signed and entered on October 29, 1959. Appellant filed his appeal bond November 19, 1959.

Rule 329-b, subd. 3, Texas Rules of Civil Procedure provides:

"All motions and amended motions for new trial must be determined within not exceeding forty-five (45) days after the original or amended motion is filed, unless by written agreement of the parties in the case, the decision of the motion is postponed to a later date."

■ The above rule contemplates that postponement to a fixed and certain date be set out in a written agreement by the parties. Moore v. Decuir, Tex.Civ.App., 286 S.W.2d 471, wr.ref.; Pierce v. Loyd, Tex. Com.App., 131 Tex. 401, 114 S.W.2d 867. The record in this case shows that no written agreement was made by the parties agreeing that the decision on the motion for new trial could be postponed to a fixed or certain date.

Rule 4, Texas Rules of Civil Procedure, provides:

"In computing any period of time prescribed or allowed by these rules, by order of court, or by any applicable statute, the day of the act, event, or default after which the designated period of time begins to run is not to be included. The last day of the period so computed is to be included, unless it is a Sunday or a legal holiday, in which event the period runs until the end of the next day which is neither a Sunday nor a holiday."

■ Applying Rule 4 to the present case, October 17, 1959 was the 45th day after the filing of the motion for new trial. A check of the calendar for 1959 shows that October 17, 1959 was a Saturday and was not a legal holiday, of which fact this court may and does take judicial knowledge. No decision having been made on October 17, 1959, the motion for new trial was overruled by operation of law at the expiration of that day.

■ Since the motion for new trial had already been overruled by operation of law at the expiration of the day of October 17, 1959, the order made by the trial judge on October 29, 1959 purporting to overrule appellant's motion for new trial was therefore a nullity. Lucchese et al. v. Specia et al., Tex.Civ.App., 281 S.W.2d 725, writ refused.

As applied to this case, Rule 356, subd. (a) Texas Rules of Civil Procedure, requires that a bond for costs on appeal shall be filed with the clerk within 30 days after the rendition of the order overruling motion for new trial. In applying Rule 4 to the present case it is clear that the last day for appellant to have filed a bond for costs on appeal was November 16, 1959. A check of the 1959 calendar shows that October 17, 1959 was a Saturday and that November 16, 1959, was a Monday, and that neither of these days was a legal holiday, of which facts this court may and does take judicial knowledge thereof.

■ The appeal bond herein was not filed until November 19, 1959. It was filed more than 30 days after appellant's motion for new trial had been overruled by operation of law. Such a filing is not a compliance with the rules and this court does not have jurisdiction of the appeal. Holland et vir v. Foley Brothers Dry Goods Company, Inc., et al., Tex.Civ.App., 324 S.W.2d 430, writ refused; Glidden Co. v. Aetna Casualty & Surety Co., 155 Tex. 591, 291 S.W.2d 315;

Lucchese et al. **v.** Specia, Tex.Civ.App., 281 S.W.2d 725, writ refused; Jones et al. v. Campbell et al., Tex.Civ.App., 188 S.W.2d 679, writ refused.

The appeal is dismissed.