**J. C. RAINEY, Individually and as Next Friend of Minor, Susan D. Rainey, Appellant,**

v.

**Gilbert H. ISENBERG, Appellee.**

No. 13902.

Court of Civil Appeals of Texas.

San Antonio.

Aug. 29, 1961.

Guy Allison, Corpus Christi, for appellant.

Lyman & Sudduth, Corpus Christi, for appellee.

MURRAY, Chief Justice.

It appears from the transcript herein that summary judgment for the defendant was rendered on April 7, 1961. Plaintiff's motion for a new trial was filed prior to April 7, 1961, which was premature, but will be considered under the Provisions of Rule 306c, as having been filed on the same day, but after the judgment was rendered.

Under the provisions of Rule 329b, appellant had twenty days after the filing of the motion for a new trial within which to file an amended motion for a new trial. This he did not do, but on May 19, 1961, filed an amended motion for a new trial which was a nullity, because not filed within the time prescribed by Rule 329b.

Appellee's original motion for a new trial was overruled by operation of law, forty-five days after April 7, 1961, which was on May 22, 1961.

Under the provisions of Rule 386, plaintiff below who is appellant here, would have had sixty days from May 22, 1961, within which to tender the record to this Court. Thus his last day for filing the record in this court was July 21, 1961. It was tendered here on July 25, 1961, and was filed through inadvertence, but such filing was not authorized by law.

Appellant did not timely file a motion for enlargement of time within which to file the record here under the provisions of Rule 386, Texas Rules of Civil Procedure.

Under the holding of the Supreme Court in Matlock v. Matlock, 151 Tex. 308, 249 S.W.2d 587, this court has no jurisdiction of this cause other than to dismiss it because the record was not timely filed.

The motion of appellee to dismiss is granted and the cause dismissed.