**ANGELINA COUNTY, Texas and Leon Jones, Petitioners,**

v.

**Sam McFARLAND, Respondent.**

No. A–9752.

Supreme Court of Texas.

Jan. 8, 1964.

Rehearing Denied Feb. 5, 1964.

Garrison, Renfrow, Zeleskey, Cornelius & Rogers, Jack D. Hicks, Lufkin, for petitioners.

Charles K. Ruth, Lufkin, for respondent.

GREENHILL, Justice.

The controlling question is whether, under Rule 386, Texas Rules of Civil Pro-

cedure, the record in this case was filed in the Court of Civil Appeals in time to have given that court jurisdiction of the appeal.

The suit was instituted by Sam McFarland to recover a sum of money which was being held by the defendant, Leon Jones, the sheriff of Angelina County, Texas. Angelina County intervened, claiming that the money should be turned over to it. The district court, sitting without a jury, decided that the money should go to the county. The Court of Civil Appeals at Beaumont reversed the judgment of the district court, and rendered judgment that the money should be awarded to the plaintiff, McFarland. It directed that its opinion be not published under Rule 452, Texas Rules of Civil Procedure. On motion for rehearing, it was pointed out to the Court of Civil Appeals that the record had not been filed in that court in time under Rule 386.[1] The motion was overruled without opinion. The only point of error before this Court is that the Court of Civil Appeals erred in rendering its judgment of reversal for the reason that it was without jurisdiction because of such late filing.

The following are the dates, all in 1962, relevant to the taking of the appeal, together with the dates relied upon by counsel:

*June 15:* trial was had in Lufkin, Angelina County. The case was heard by the Honorable O'Neal Bacon who lived in the nearby county of Newton. At the conclusion of the trial, Judge Bacon took the matter under advisement and returned to Newton.

*June 23:* the date of the judgment. The judgment concludes, "Signed this the 23 day of June, 1962." The judgment recites that plaintiff McFarland and the defendant-sheriff Jones excepted and gave notice of appeal to the Court of Civil Appeals. June 23rd was a Saturday. Judge Bacon mailed the judgment to H. R. Rolston, attorney for Angelina County, with a letter

dated June 26th which directed that it be filed. Rolston was then County Judge of Angelina County and was acting as its attorney. Copies of the letter went to the other counsel and to the Clerk of the Court, all at Lufkin.

*June 25:* Messrs. Hulon Brown and Dan Brazil, counsel for the defendant-sheriff Jones, filed a motion for new trial.

*June 27:* the attorney for the plaintiff McFarland received his copy of the letter from Judge Bacon. On this same day, counsel for the intervenor county, Rolston, and the district clerk received their copies of the district judge's letter. Counsel for the plaintiff McFarland contends that this date, June 27th, is the date on which the judgment was entered for the purpose of beginning the times for the steps in the appeal. The judgment was handed to the district clerk by Rolston at Lufkin on June 27th and filed immediately. McFarland did not file a motion for new trial.

*July 2:* counsel for the plaintiff McFarland filed a written notice of appeal. It may be noted that the notice says that "the plaintiff * * * gives notice that he desires to appeal * * * from the judgment of said court *rendered in said cause on the 23rd day of June, 1962."* [Emphasis added.] It may be further noted that the notice of appeal was given without the plaintiff's having filed a motion for new trial. On this same date, July 2, plaintiff filed his appeal bond.

*July 13:* the defendant sheriff Jones filed an amended motion for new trial.

*July 19:* the district judge, Judge Bacon, overruled Jones' amended motion for new trial.

*August 8:* the defendant Jones filed his cost bond and also a supersedeas bond.

*August 23:* the transcript and statement of facts were received and filed by the clerk of the Court of Civil Appeals. They

---

1. All rules referred to herein are Texas Rules of Civil Procedure, and are car- ried in Vernon's Texas Rules of Civil Procedure, Annotated.

had been mailed the day before, August 22, by counsel for the plaintiff McFarland.

■ In determining whether the record was filed in time in the Court of Civil Appeals, it is first necessary to determine the date from which the time began to run; i. e., when the judgment was rendered. Petitioners say that it is June 23rd, the date on which the judgment itself says the judgment was signed. Respondent says the date is June 27th, which is the first day upon which he, other counsel, and the district clerk in Lufkin knew that the judgment had been rendered. He further points out that June 27th was the date upon which the judgment was received and filed by the clerk.

Rule 306a states, "In determining the periods within which the various steps of an appeal must be taken, the date of rendition of a judgment or order shall be deemed to be *the date upon which the written draft thereof was signed by the trial judge as stated therein.* This rule shall apply in determining the time within which to file a motion for new trial, notice of appeal, appeal bond * * * *statements of fact in trial and appellate courts, transcript in appellate court * * *.*" [Emphasis added.]

Under the plain provisions of Rule 306a, June 23, the date on which the judgment recites that it was signed, is the date on which the time began to run for the appellate procedure of the case.

■ Respondent McFarland argues that the judgment could not have been rendered on June 23 because it fell on a Saturday. He attaches affidavits to the effect that the courthouse in Lufkin, Angelina County, is and was closed on Saturday, and that none of the county employees are expected to work except those of the sheriff's department. Respondent's argument is not sound. No rule or statute provides that a judgment may not be entered on Saturday. It has never been held that the courts of Texas cannot function or enter judgments on a

day just because it is a Saturday. To so hold would render the courts powerless to grant, among other things, appropriate emergency relief or to grant injunctions or stay orders on those days.

■ Next is the question as to whether the record was filed in time. Rule 386 provides, "In appeal or writ of error the appellant shall file the transcript and statement of facts with the clerk of the Court of Civil Appeals *within sixty days* from the rendition of the final judgment or order overruling motion for new trial * * *." [Emphasis added.] There is a provision for an extension of time by the Court of Civil Appeals; but no request for such extension was made, and none was granted.

So under Rule 386, the transcript and statement of facts must have been filed within sixty days from the date on which the judgment was rendered, or sixty days from June 23. Computing the time under the provisions of Rule 4, the 60th day, or the last day for filing the record, was August 22. The record was mailed on that date, but was not received until August 23. Rule 5 provides that if the record is properly addressed and mailed *on the day before the last day,* and other requirements of the rule are met, the record shall be deemed filed in time. But this record was mailed on the last day for filing. So Rule 5 is of no help to Respondent. And it was received by the clerk *after* the 60th day. The 60th day was not a Saturday, Sunday, or holiday. So it was filed too late under Rule 386. Rule 4 states that if the *last* [or 60th] day is a Saturday, Sunday, or legal holiday, the period runs, or is enlarged, until the end of the next day which is not a Saturday, Sunday, or legal holiday. The 60th day here was none of those days.

■ Respondent next contends that the time at which the sixty days for filing the record began to run was the date of the overruling of the defendant Leon Jones' motion for new trial.

When a case is tried before the court without a jury, an appeal may be taken without the filing of a motion for new trial. But under Rule 323, a motion for new trial may be filed in a non-jury case. If no motion is filed, the time begins to run, under Rule 386, from the rendition of the judgment. If a motion for new trial is filed, Rule 386 provides for the time to begin to run when the motion is overruled. This court in Park v. Essa Texas Corp., 158 Tex. 269, 311 S.W.2d 228 (1958) held that when there had been a non-jury case and the appellant had filed a motion for new trial, though no motion was required, his time began to run from the overruling of his motion.

Here, however, Respondent filed no motion for new trial. It has been heretofore established that the appellant must base his appeal upon his own actions. Peurifoy v. Wiebusch, 125 Tex. 207, 82 S.W.2d 624 (1935); Neuhoff Bros., Packers v. Acosta, 160 Tex. 124, 327 S.W.2d 434 (1959).

In Peurifoy, there was an instructed verdict against defendants Thompson and Peurifoy. As applicable here, Peurifoy filed a motion for new trial, but Thompson did not. Both filed their appeal bonds within thirty days from the overruling of Peurifoy's motion, but Thompson's bond was not filed within thirty days from the entry of judgment. It was held that Thompson's filing was too late, and his appeal was ordered dismissed.

In the Neuhoff Bros. case, Rule 356 required the filing of the appeal bond within thirty days after judgment or order overruling the motion for new trial. This is similar to Rule 386 as to the filing of the record except for the period of time allowed. In Neuhoff, a judgment was rendered for some plaintiffs. Other plaintiffs and the defendant desired to appeal. The appealing plaintiffs filed a motion for new trial, but the defendant did not. Thereafter the plaintiffs asked leave to withdraw their motion for new trial, and leave was granted. The defendant filed his appeal bond within thirty days from the action on plaintiffs' motion for new trial, but more than thirty days from the entry of judgment. It was held that in determining the time for filing the appeal bond, the defendant could not rely upon another's action in filing a motion for new trial. It was argued that until the plaintiffs' motion for new trial was disposed of, no litigant knew whether an appeal would be necessary. This Court in the Neuhoff case held that the matter had been foreclosed by the Peurifoy case. And the matter is similarly foreclosed here. Since McFarland filed no motion for new trial, he must have filed the transcript and statement of facts in the Court of Civil Appeals within sixty days from the rendition of the judgment. He did not do so, and the Court of Civil Appeals therefore did not acquire jurisdiction of his appeal. This fact was pointed out to the Court of Civil Appeals on motion for rehearing in that court. That court erred in failing to dismiss McFarland's appeal.

### The Challenge to the County's Representation

The Respondent McFarland filed a motion to dismiss the application for writ of error filed on behalf of the County and the sheriff by the law firm of Garrison, Renfrow, Zeleskey, Cornelius and Rogers of Lufkin on the ground that the firm was not authorized to represent Angelina County or the sheriff. He challenges their authority under our Rule 12. He points out that the sheriff abandoned his appeal to the Court of Civil Appeals.

In the district court, the County was represented by the County Judge, and the sheriff was represented by the County and District Attorneys. There, too, McFarland challenged the County's representation on the ground that there was no order of the Commissioners' Court of that County authorizing the County Judge to represent the County. McFarland's challenge was apparently overruled in the district court,

or McFarland got no ruling on his challenge. The record is silent on this point. In any event, McFarland did not preserve the point in the Court of Civil Appeals that the County was not properly represented.

The County Judge, representing Angelina County, filed no brief in the Court of Civil Appeals for the County. And we are informed by an affidavit, which is not contested on this point, that he made no oral argument for the County in the Court of Civil Appeals. Before the opinion of the Court of Civil Appeals was rendered, the County Judge who had acted for the County went out of office and was succeeded by Judge O. L. Hubbard.

· The opinion of the Court of Civil Appeals was against the County and the sheriff. We are informed by the affidavit of Judge Hubbard that he then asked the Garrison firm to represent the County, and this request was joined in by the County Attorney. The Sheriff, Jones, also requested the Garrison firm to represent him. So that firm undertook to represent both the County and the Sheriff; and on the motion for rehearing in the Court of Civil Appeals, that firm pointed out the lack of that court's jurisdiction.

Respondent McFarland challenged the Garrison firm's right to represent the county and Jones in the Court of Civil Appeals on the motion for rehearing. That court ignored McFarland's motion or challenge. It overruled the motion filed by the Garrison firm without opinion.

. Respondent McFarland has attached to his motion in this Court a number of affidavits which say, among others things, that the former County Judge has never withdrawn from the case; that he has never been requested to withdraw, even though he filed no brief for the County in the Court of Civil Appeals or this Court and did not make an oral argument in either of such courts. There is also an affidavit of the County Clerk in which he says that he has searched the records of the Commissioners' Court and has found no resolution

or order authorizing the employment of the Garrison firm. There are affidavits of two of the County Commissioners and one of their successors that the Commissioners' Court had not authorized the Garrison firm to represent it, and that the former County Judge was representing the County and has not been relieved.

The challenge to the Garrison firm by McFarland is based on our Rule 12 which says:

"Any defendant in any suit or proceeding pending in any court of this state may, by sworn written motion stating that such defendant believes that such suit or proceeding was instituted against him or is being prosecuted against him without authority on the part of the plaintiff's attorney, cause such attorney to be cited to appear before such court and show his authority for same, notice of which motion shall be served upon such attorney at least ten days before the trial of such motion. Upon the hearing of such motion, the burden of proof shall be upon the attorney appearing for the plaintiff to show sufficient authority from the plaintiff in such suit or proceeding to institute or prosecute the same. Upon his failure to show such authority, the court shall refuse to permit such attorney to appear in said cause, and shall dismiss the same if no person who is authorized to prosecute said cause appears. Such motion may be heard and determined at any time before the parties have announced ready for trial, but the trial shall not be unnecessarily continued or delayed for the hearing thereof."

▆▆▆ Rule 12 was taken from Article 320 of the Texas Revised Civil Statutes of 1925, and is substantially similar thereto. The statute was repealed upon the enactment of the Rule. The statute had been on the books since the early days of Texas. Its apparent purpose was to discourage and to cause the dismissal of suits brought with-

out authority. It was to protect defendants from groundless suits. It was thought that a person who was sued was entitled to known that the named plaintiff had in fact authorized the suit.

The statute and the Rule were plainly worded to give this right to *defendants;* to authorize *defendants* to challenge the bringing of the suit. The Rule says nothing about a *plaintiff* challenging the authority of defendant's attorney. Moreover, by stating that the motion shall be heard and determined "before the parties have announced ready for trial," the Rule and its predecessor statute have application to challenges in the trial court or the court in which the action is commenced.

In Victory v. State, 138 Tex. 285, 158 S.W.2d 760 (1942), the suit was by the State for delinquent taxes. The State was represented by private counsel; i. e., by attorneys who were not the county or district attorney. In the Court of Civil Appeals for the first time, the defendant challenged the right of the State to be represented as it was. This Court held that Article 320 (now Rule 12) "provides for the *exclusive method* of questioning the authority of an attorney to bring suit." It was held that the challenge came too late. The Victory case was followed as "the exclusive method of questioning the authority of an attorney to bring a suit" under Rule 12 in Cook v. City of Booker, Tex.Civ.App., 1942, 167 S.W.2d 232, no writ.

If it is assumed that McFarland did properly challenge the representation of the County [by the County Judge] in the trial court, he did not preserve the point on appeal to the Court of Civil Appeals.

There is authority for the proposition that the defendant himself can establish that the attorney purporting to represent him was unauthorized. In Parker v. Spencer, 61 Tex. 155 (1884), a consent decree had been entered against the defendant, Spencer, and the judgment had become final. Spencer brought a suit to have the judgment set aside. The jury found that Spencer was not represented by any authorized attorney and that he had not been served with process. It was held that the former judgment was not binding on him.

We do not have before us the question as to whether, as between the County and the Garrison firm, the latter was and is not authorized to represent the County. The County is not here complaining or asserting that the firm does not, or cannot, represent it. Sheriff Jones, by affidavit, in so far as he is able, has ratified the authority of the Garrison firm to represent him.

The motion to strike the application for writ of error is overruled.

The judgment of the Court of Civil Appeals is reversed, and the cause is remanded to that court with direction to dismiss the appeal of McFarland.