Edna G. STANLEY, Appellant,

v.

Lyle D. STANLEY, Appellee.

No. 216.

Court of Civil Appeals of Texas.

Corpus Christi.

Dec. 30, 1965.

James C. Martin, Corpus Christi, for appellant.

Mahoney, Shaffer & Hatch, by Richard J. Hatch, Corpus Christi, for appellee.

## PER CURIAM.

Final judgment for the defendant after non-jury trial was signed and ordered filed by the trial court September 28, 1965. This decree contained no notice of appeal, nor was any notice of appeal filed by plaintiff. No motion for new trial was filed. At the time the judgment was signed, a written motion for non-suit filed by plaintiff was pending. On October 18, 1965, the trial court entered an order overruling this motion. The only notice of appeal in the record is in plaintiff's appeal bond filed in the trial court November 12, 1965, whereby plaintiff states she is appealing from the order of October 18, 1965. The transcript was first tendered to the clerk of our court for filing on December 17, 1965, eighty days from the date of the judgment of the court, but sixty days from the date of overruling the motion for non-suit.

The question now before the court is whether we have jurisdiction of this appeal. Our answer is that we do not have such jurisdiction, and that the appeal must be dismissed.

The judgment of September 28, 1965, disposed of all issues in the case, Vance v. Wilson, Tex.Sup.Ct., 382 S.W.2d 107, and in the absence of a notice of appeal or motion for new trial became a final decree thirty days after it was signed and ordered entered. Rule 329b § 5, Texas Rules of Civil Procedure. The order of October 18, 1965, was not an appealable judgment, but was only a ruling on a matter pending at the time judgment was rendered. We are not now concerned with the issue of whether the non-suit should have been granted, as that question would arise only if we have jurisdiction of this appeal. But even if appeal could be taken from such order of October 18, 1965, notice of such appeal within ten days from the entry of the order was required and this was not given. Rule 353,

T.R.C.P.; Donald v. John Vinson, Inc., Tex.Civ.App., 344 S.W.2d 751, writ ref.

The only appealable final judgment contained in the transcript is the decree of September 28, 1965. No notice of appeal from such judgment was ever given by plaintiff. The transcript was not timely filed, having been first tendered to this court eighty days after rendition of the judgment. Rule 386, T.R.C.P. This court has no jurisdiction over this cause. Angelina County v. McFarland, Tex.Sup.Ct., 374 S.W.2d 417; Consolidated Casualty Insurance Company v. Wade, Tex.Civ.App., 373 S.W.2d 841, writ dism.; Donald v. John Vinson, Inc., supra.

Appeal dismissed.