Charlie NICKEL et al., Appellants,

v.

B. R. ANDERSON et al., Appellees.

No. 217.

Court of Civil Appeals of Texas.

Corpus Christi.

Feb. 3, 1966.

Wm. H. Hamblen,* Edna, for appellants.

A. T. Leveridge, Jr.,* East Bernard, for appellees.

## PER CURIAM.

Appellees have filed their motion to dismiss this appeal for want of jurisdiction. Plaintiffs, the appellants herein, filed a trespass to try title suit. Judgment for the defendants was rendered on September 1, 1965, by the trial court without the intervention of a jury. The procedural facts disclose that the transcript was not timely filed, and that this Court must dismiss the appeal for lack of jurisdiction. The times essential for the determination of this jurisdictional question are hereinafter set forth.

When a case is tried before the court without a jury, an appeal may be taken without the filing of a motion for new trial; however, by virtue of Rule 323 a motion for new trial may be filed in a nonjury case. When a motion for new trial is filed, Rule 386, Texas Rules of Civil Procedure, provides that the time for appeal begins to run when the motion is overruled. Park v. Essa Texas Corporation, 158 Tex. 269, 311 S.W.2d 228 (Sup.Ct. 1958).

Plaintiff's motion for new trial was timely filed on September 10, 1965. Rule 329b, T.R.C.P. No amended motion was filed, nor was there any agreement between the parties or their attorneys to extend the time for a determination of the motion. The motion was not presented to the trial judge within thirty days as provided for by this Rule.

Rule 329b, Subsection 3, T.R.C.P., provides: "All motions and amended motions

* This case was never submitted to the Court on the merits nor was Oral Argument had.

for new trial must be determined within not exceeding forty-five (45) days after the original or amended motion is filed, * * *."

 Because of these facts, and computing the time from the filing of the motion, i. e., September 10, 1965, the motion for new trial was overruled by operation of law, 45 days after it was filed, on the 25th day of October, 1965. However, on November 4, 1965, the trial court entered an order overruling the motion for new trial. Since the motion for new trial had already been overruled by operation of law at the expiration of 45 days (October 25, 1965), the order made by the trial judge on November 4, 1965, purporting to overrule appellants' motion for new trial, was therefore a nullity. Burkham v. Ward, Tex. Civ.App. 1960, 336 S.W.2d 452; Lucchese v. Specia, Tex.Civ.App., 281 S.W.2d 725, writ ref. See Angelina County v. McFarland, 374 S.W.2d 417 (Sup.Ct.1964).

 Appellants' time for filing their transcript and statement of facts with the clerk of this court commenced with the overruling of the motion for new trial (by operation of law on the 25th day of October, 1965). As provided for in Rule 386, T.R.C.P., the appellants' record was due to be filed in this court within sixty days from the rendition of the final judgment or order overruling the motion for new trial. Rainey v. Isenberg, Tex.Civ.App. 1961, 349 S.W.2d 733. The sixtieth day, the last day for the filing of the record in this court was December 24, 1965. The transcript was tendered and received by the clerk of this court on January 3, 1966.

Appellants did not file a motion for enlargement of time within which to file the record here under the provisions of Rule 386, T.R.C.P. The last day that such a motion could be filed was January 8, 1966.

 The timely filing of the transcript in accordance with Rule 386, T.R.C.P. is mandatory. This Court has no jurisdiction of this cause other than to dismiss it be-

cause the record was not timely filed. Angelina County v. McFarland, supra; Consolidated Casualty Company v. Wade, Tex. Civ.App., 373 S.W.2d 841, writ dism., w. o. j.; Stanley v. Stanley, Tex.Civ.App., 398 S.W.2d 384; Magic Valley Produce Co. v. Baldridge, Tex.Civ.App., 393 S.W.2d 418; Edwards v. Hughes, Tex.Civ.App., 377 S.W. 2d 235; 4 Tex.Jur.2d, §§ 553–554, pp. 77–78.

Appellees' motion granted, appeal dismissed.