**ALAMO FEDERAL CREDIT UNION,**
Appellant,

v.

**Jesse CELEDON et al., Appellees.**

No. 14606.

Court of Civil Appeals of Texas.

San Antonio.

April 26, 1967.

Rehearing Denied May 24, 1967.

Terrell McKay, San Antonio, for appellant.

Levey & Goldstein, Peops S. Dounson, San Antonio, for appellees.

PER CURIAM.

Appellees have filed a motion to affirm the judgment in this case on certificate or dismiss the appeal because the transcript was not filed within sixty days from the time appellant's motion for new trial was overruled by operation of law. The question presented is whether the time for filing the record under Rule 386, Texas Rules of Civil Procedure runs from that time, where the trial court signed an order overruling said motion after the expiration of forty-five days from the filing of the motion.

Appellant's motion for new trial was filed on November 23, 1966, heard by the court on December 27, 1966, and overruled by an order signed on January 20, 1967. A cash deposit in lieu of an appeal bond was

filed on February 6, 1967. The record was filed in this Court on March 17, 1967.

 Rule 329b, T.R.C.P., provides that all motions for new trial "must be determined within not exceeding forty-five (45) days after the original * * * motion is filed, unless by one or more successive written agreements of the parties in the case filed with the clerk of the court the decision of the motion is postponed to a day certain specifically set out in any such agreement." There was no such written agreement of the parties postponing the decision in this case. The forty-five day period expired on January 7, 1967, however, inasmuch as this was Saturday, the time was extended until January 9, 1967. Rule 4, T.R.C.P.; Missouri-Kansas-Texas R. Co. v. Chesher, Tex.Civ.App., 354 S.W.2d 645, writ ref'd n. r. e.

 It is settled that where no order overruling a motion for new trial is signed by the trial court prior thereto, the motion is overruled by operation of law forty-five days after it is filed, and any order entered thereafter purporting to overrule said motion is a nullity. Washington v. Golden State Mutual Life Ins. Co., Tex.Civ.App., 405 S.W.2d 856, writ ref'd, 408 S.W.2d 227 (Tex.Sup.1966); Nickel v. Anderson, Tex.Civ.App., 399 S.W.2d 220, no writ; Rainey v. Isenberg, Tex.Civ.App., 349 S.W. 2d 733, no writ; Lucchese v. Specia, Tex. Civ.App., 281 S.W.2d 725, writ ref'd.

 The filing of the record within sixty (60) days, or the timely filing of a motion for an enlargement of such time, as required by Rule 386, supra, is mandatory and jurisdictional. Angelina County v. McFarland, 374 S.W.2d 417 (Tex.Sup.1964); Matlock v. Matlock, 151 Tex. 308, 249 S.W. 2d 587 (1952); Nickel v. Anderson, supra; Rainey v. Isenberg, supra; Newsfoto Pub. Co. v. Ezzell, Tex.Civ.App., 320 S.W.2d 711, writ ref'd; Tydlacka v. Tydlacka, Tex.Civ.App., 277 S.W.2d 159, no writ;

Bowman v. Traders & General Ins. Co., Tex.Civ.App., 219 S.W.2d 148, writ ref'd.

 It is seen that the record was here filed, through inadvertence, sixty-seven days after appellant's motion for new trial was overruled by operation of law. Such filing was not authorized under Rule 386, supra, and this Court's jurisdiction is limited to affirming the judgment on certificate under Rule 387, T.R.C.P., or dismissing the appeal.

The judgment is affirmed on certificate.