James E. WILKINSON, Appellant,

v.

Luise B. WILKINSON, Appellee.

No. 17040.

Court of Civil Appeals of Texas.

Dallas.

Sept. 29, 1967.

James E. Wilkinson, pro se.

Wm. Andress, Jr., of Andress, Woodgate & Condos, Dallas, for appellee.

### OPINION ON APPELLEE'S MOTION TO DISMISS

PER CURIAM.

Appellee has filed her motion to dismiss this appeal because the record was not timely filed in this court.

The facts are undisputed. The cause came on for trial before the court and a jury on September 19, 1966. Thereafter on September 23, 1966 the jury returned its verdict which was in all things favorable to Luise B. Wilkinson. Judgment based upon this jury verdict was signed and entered by the court on April 11, 1967. Within ten days thereafter, on April 19, 1967, James E. Wilkinson filed his motion for new trial. This motion was never amended. From the record it is apparent that the trial court heard the motion for new trial on June 1, 1967 but no order was signed and entered overruling same until June 13, 1967. The record was filed in this court on August 11, 1967.

Rule 329b, Texas Rules of Civil Procedure, provides that the motion for new trial must have been determined within not exceeding 45 days after the filing date thereof, unless such time was extended by

written agreement of the parties. There was no such written agreement of the parties postponing the decision of the court in this case. The 45-day period expired on June 3, 1967 but since that date fell on a Saturday the time was extended by operation of law until Monday, June 5, 1967. The 60 days allowed by Rule 386, T.R.C.P., for filing the record in this court expired August 4, 1967. No extension of time for filing the record was requested pursuant to Rule 386, T.R.C.P.

Appellant, in his reply to the motion to dismiss, first argues that the motion for new trial was not overruled by operation of law but was really overruled by the trial court on June 13, 1967. This contention cannot be sustained for the simple reason that the action on the part of the trial court in signing the order on June 13, 1967 was of no force and effect. When the court permitted the 45-day period to expire without entering an order any effort made thereafter was of no legal effect. The identical question was decided by the San Antonio Court of Civil Appeals in the recent case of Alamo Federal Credit Union v. Celedon, 415 S.W.2d 717 (Tex.Civ.App., San Antonio 1967). There the court said:

"It is settled that where no order overruling a motion for new trial is signed by the trial court prior thereto, the motion is overruled by operation of law forty-five days after it is filed, and any order entered thereafter purporting to overrule said motion is a nullity. Washington v. Golden State Mutual Life Ins. Co., Tex. Civ.App., 405 S.W.2d 856, writ ref'd, 408 S.W.2d 227 (Tex.Sup.1966); Nickel v. Anderson, Tex.Civ.App., 399 S.W.2d 220, no writ; Rainey v. Isenberg, Tex.Civ. App., 349 S.W.2d 733, no writ; Luc-chese v. Specia, Tex.Civ.App., 281 S.W. 2d 725, writ ref'd."

Appellant next asserts that if the filing date in this court was August 4, 1967 that he was unable to file his record prior to that time due to circumstances beyond his control. However, no motion was filed in this court within the time prescribed by Rule 386, T.R.C.P., requesting an extension of time so obviously this plea may not now be considered.

Finally, appellant argues that appellee's attorney had entered into an agreement with him to extend the time for filing the record in this case. Even if such an agreement had been made the same would be of no force and effect for the simple reason that the filing of the record within 60 days, or the timely filing of a motion for an enlargement of such time, as required by Rule 386, T.R.C.P., is mandatory and jurisdictional. Matlock v. Matlock, 151 Tex. 308, 249 S.W.2d 587 (1952); Angelina County v. McFarland, 374 S.W.2d 417 (Tex. Sup.1964). Parties cannot by agreement confer jurisdiction upon an appellate court. 15 Tex.Jur.2d, § 55, p. 483. Where jurisdiction in a particular case does not exist, it may not be conferred on the court by stipulation or agreement of the parties nor may it be waived by the court or the parties. Armstrong v. West Texas Rig Co., 339 S.W.2d 69 (Tex.Civ.App., El Paso 1960); Gibbs v. Melton, 354 S.W.2d 426 (Tex.Civ.App., Dallas 1962).

Inasmuch as appellant is a layman and representing himself we have reviewed this record with great care but having done so we find no legal basis for jurisdiction. Since the case is not properly here, we sustain appellee's motion to dismiss.

The cause is dismissed.