**Robert G. LITTLE and Winfred Little, Appellants,**

v.

**Amanda C. LITTLE, Appellee.**

**No. 3056cv.**

Court of Appeals of Texas, Corpus Christi.

May 12, 1983.

Todd A. Hunter, Kleberg, Dyer, Redford & Weil, Corpus Christi, for appellants.

Robert R. Miller, Coover & Coover, Corpus Christi, for appellee.

## OPINION

PER CURIAM.

Appellee, Amanda C. Little, has filed a motion for extension of time to file the statement of facts.

Judgment was signed on January 11, 1983. Appellant, Robert G. Little, filed a motion for new trial which was overruled by court order on March 27, 1983. The question presented by appellee's motion for extension of time is: (1) does this Court have jurisdiction to rule on appellee's motion, and (2) does appellee's motion state a reasonable explanation for the late filing of the statement of facts.

The jurisdictional question presented by appellee's motion is whether or not appellee may rely on appellant's motion for new trial in order to extend the date that appellee's record is due in this Court. Prior to September 1, 1981, Rule 386, Tex.R.Civ.P., as supported by case authority, required that each party base his appeal upon his own actions. *Angelina County v. McFarland,* 374 S.W.2d 417 (Tex.1964); *Peurifoy v. Wiebusch,* 125 Tex. 207, 82 S.W.2d 624 (Tex. 1935). Thus, for example, if in this case appellee failed to file a motion for new trial, then his record would be due in this Court sixty days after the judgment was signed, whether or not appellant filed a motion for new trial. However, by amend-ment to Rule 386, Tex.R.Civ.P., effective January 1, 1981, the rule has been changed. It now states that if *"any party"* files a motion for new trial then the record is due 100 days after the judgment is signed.

In our case, appellee has relied on appellant's motion for new trial to extend the time in which her record is due, i.e., 100 days after the judgment was signed. This reliance is well founded. It is supported by the language stated in Rule 386, Tex.R. Civ.P. See also Pope and McConnico, *Practicing Law with the 1981 Texas Rules,* 32 Baylor L.Rev. 508 (1980).

We hold that appellee's motion for extension of time to file the statement of facts was timely filed. The motion states a reasonable explanation for an extension of time in which to file the statement of facts.

The motion is granted. Appellee's statement of facts will be due in this Court on May 21, 1983.