**FRUEHAUF CORPORATION and Texas Hauling Contractors, Inc., Appellants,**

v.

**Guadalupe ORTEGA, Appellee.**

**No. 3023cv.**

Court of Appeals of Texas, Corpus Christi.

May 12, 1983.

B. Buck Pettitt, Jones, Lewis & Pettitt, McAllen, Kenneth D. Kuykendall, Royston, Rayzor, Vickery & Williams, Houston, for appellants.

Joseph Prestia, Pena, McDonald, Prestia & Ibanez, Edinburg, Edwin Randolph Fleuriet, Wiley, Hale & Fleuriet, Harlingen, Paul Q. O'Leary, O'Leary, Sanchez & Benton, Brownsville, for appellee.

## OPINION

PER CURIAM:

Appellant, Texas Hauling Contractors, Inc., has filed a motion for extension of time to file the transcript and statement of facts.

Judgment was signed on January 3, 1983. A motion for new trial was filed by co-appellant, Fruehauf Corporation, on February 1, 1983. On March 10, 1983, the court overruled Fruehauf's motion for new trial. The question presented by appellant Texas Hauling's motion for extension of time is: (1) does this Court have jurisdiction to rule on appellant's motion, and (2) does appellant's motion state a reasonable explanation for the late filing of the record.

The question of jurisdiction of this Court to entertain appellant's motion for extension of time calls for an interpretation of Rule 386, Tex.R.Civ.P. Normally, if no motion for new trial is filed, the transcript and statement of facts is due sixty days after the judgment is signed. Rule 386, Tex.R. Civ.P. However, the rule, as amended in 1981, provides that if *"any party"* files a motion for new trial or to modify the judgment, then the record is due 100 days after judgment is signed. Rule 386, Tex.R.Civ.P.

Since at least one party (i.e., Fruehauf) filed a motion for new trial in this cause, the time for filing the record was effectively extended to 100 days after the judgment was signed for *any party* in this suit or April 13, 1983. The amendment to Rule 386, effective January 1, 1981, which added the words *"any party"* has changed the contrary rule which held that each appellant must base his appeal upon his own actions. *Angelina County v. McFarland,* 374 S.W.2d 417 (Tex.1964); *Peurifoy v. Wiebusch,* 125 Tex. 207, 82 S.W.2d 624 (Tex. 1935).

We hold that this Court has jurisdiction to consider appellant, Texas Hauling Con-

tractors, Inc.'s motion for extension of time, since it was filed before the due date of the record. Rule 386, Tex.R.Civ.P. See: Pope and McConnico, *Practicing Law with the 1981 Texas Rules,* 32 Baylor L.Rev. 508 (1980).

We have also determined that appellant's motion states a reasonable explanation for the granting of the motion for extension of time to file the transcript and statement of facts. Appellant Texas Hauling Contractors, Inc. will have until June 23, 1983, in which to file the transcript and statement of facts in this Court.