NO.  07-10-0302-CR

                                                             

                                                   IN
THE COURT OF APPEALS

 

                                       FOR THE
SEVENTH DISTRICT OF TEXAS

 

                                                                 AT
AMARILLO

 

                                                                      PANEL
B

 

                                                         SEPTEMBER
14, 2010

 

                                            ______________________________

 

 

                                                   MIGUEL ANGEL GOMEZ, JR.,

 

                                                                                                            Appellant

 

                                                                             v.

 

                                                        THE STATE OF TEXAS,

 

                                                                                                            Appellee

                                           _______________________________

 

                       FROM THE 211th DISTRICT
COURT OF DENTON COUNTY;

 

                          NO. F-2009-1584-C;
HON. L. DEE SHIPMAN, PRESIDING

                                            ______________________________

 

Memorandum Opinion

______________________________

 

Before
QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

            Miguel Angel
Gomez, Jr. (appellant) attempts to appeal from an order adjudicating him guilty
of burglarizing a habitation.  He was
sentenced in open court on May 13, 2010, but did not file his notice of appeal
until June 21, 2010.  By letter dated
July 26, 2010, we informed appellant that it appeared his notice of appeal was
untimely and granted him opportunity to provide us with information to
determine whether we have jurisdiction over the appeal.  Appellant responded by telling us that his
sentencing hearing was postponed until June 16, 2010, and therefore, his
sentence was pronounced on that day.  Both
the reporter’s record and clerk’s record belie the contention, however, and
actually reveal that sentence was pronounced on May 13th.    

A timely
notice of appeal is necessary to invoke our jurisdiction. Olivo v. State, 918 S.W.2d
519, 522 (Tex. Crim. App. 1996).  To
be timely, it must be filed within 30 days after sentence was pronounced in
open court, unless a timely motion for new trial was filed.  Tex.
R. App. P. 26.2.  Such a motion
also must be filed within 30 days of the oral pronouncement of sentence.  Tex.
R. App. P. 21.4.  While a motion
for new trial was filed here, that was not done until June 21, 2010, or more
than 30 days after sentence was orally pronounced in open court.  Furthermore, appellant did not move to extend
the deadline for tendering his notice of appeal.  So, we have no jurisdiction over the
matter.  

Accordingly, the appeal is
dismissed for want of jurisdiction.[1]




                                                                        Brian
Quinn

                                                                        Chief
Justice

 

 

Do not publish.



  




 











[1]Appellant may petition the Court of
Criminal Appeals under article 11.07 of the Code of Criminal Procedure for
leave to initiate a belated appeal.








e show cause hearing “to a date that allows pretrial matters and
preparation to be completed.” Then at the May 24 hearing, Lewis argued that Judge Board
could not proceed with the show cause hearing because of the pending May 20 recusal
motion. The extent of discovery the parties undertook cannot be discerned from the record
although attached to an August 2005 motion for protective order filed by the State is a copy
of a deposition notice from Lewis noticing the deposition of the State’s attorney. The State
sought protection alleging, inter alia, the deposition would require disclosure of core work
product. The record contains no order on the motion nor does it indicate the deposition
occurred. In a letter to the trial court dated November 16, 2006, the State requested a
setting of the show cause hearing. It argued the May 20 motion remained pending, and
Judge Board was empowered to proceed under section 30.016. The record contains no
indication either party requested a ruling by Judge Moore after Lewis filed the May 20
recusal motion. In a letter to counsel dated August 21, 2007, Judge Board set the show
cause hearing for November 1, 2007. On October 31, 2007, Lewis filed a motion to
dismiss the case. It was denied the following day before the show cause hearing began. 
In denying the motion, the court found on the record the primary cause of delay was
Lewis’s requests for continuance and recusal. 
          Lewis correctly observes that according to the Texas Rules of Judicial
Administration, in non-jury cases district court judges “should, so far as reasonably
possible, ensure that all” non-family law civil “cases are brought to trial or final disposition,
. . . . [w]ithin 12 months from appearance date.” Tex. R. Jud. Admin. 6(a)(2), reprinted in
Tex. Gov’t Code Ann., tit. 2, subtit. F–Appendix (Vernon Supp. 2008). According to Rule
1 of the rules of judicial administration, the rules are promulgated pursuant to section
74.024 of the Government Code. Id. at Rule 1. Section 74.024 provides “the supreme
court may consider the adoption of rules relating to: (1) nonbinding time standards for
pleading, discovery, motions, and dispositions.” Tex. Gov’t Code Ann. § 74.024(c)(1)
(Vernon Supp. 2008). Thus, the application of Rule 6 is discretionary and non-binding. 
See In re S.D.W., 811 S.W.2d 739, 746 (Tex.App.–Houston [1st Dist.] 1991, no writ)
(juvenile case). Moreover, circumstances may preclude adherence to the standards under
especially complex cases or those presenting special circumstances. Tex. R. Jud. Admin.
6(e), reprinted in Tex. Gov’t Code Ann., tit. 2, subtit. F–Appendix (Vernon Supp. 2008).
          On the record before us, we cannot say the trial court abused its discretion in
denying Lewis’s motion to dismiss for want of prosecution. We overrule Lewis’s second
issue.
          Issues Three and Five - Failure to Recuse
          By his third issue, Lewis asserts Judge Moore abused his discretion by failing to
recuse Judge Board. Lewis presents his recusal argument through four sub-issues: in the
art. 18.18(b) notice Judge Board evidenced bias by using the terms “gambling proceeds”
without the adjective “alleged;” Judge Board and the prosecutor discussed the case and
the State prepared the art. 18.18(b) notice for Judge Board; art.18.18 cast Judge Board
as magistrate and prosecutor, and because the case was not timely prosecuted by Judge
Board as prosecutor, Judge Board as magistrate should not have adjudicated Lewis’s
motion to dismiss for want of prosecution; and the State engaged in forum shopping
because all Randall County 8-liner forfeiture cases since 2001 were filed in Judge Board’s
court and the State prevailed in each instance. Lewis’s grounds for recusal are founded
in claims of partiality and bias. 
          An order denying a recusal motion is reviewed on appeal from the final judgment,
applying the abuse of discretion standard. Tex. R. Civ. P. 18a(f). “A judge shall recuse
himself in any proceeding in which: (a) his impartiality might reasonably be questioned; (b)
he has a personal bias or prejudice concerning the subject matter or a party, or personal
knowledge of disputed evidentiary facts concerning the proceeding.” Tex. R. Civ. P.
18b(2)(a),(b). We apply a reasonable person standard to determine whether denial of a
recusal motion was an abuse of discretion. Woodruff v. Wright, 51 S.W.3d 727, 736
(Tex.App.–Texarkana 2001, pet. denied). The inquiry, therefore, is whether a reasonable
member of the public at large, knowing all the facts in the public domain concerning the
judge's conduct, would have a reasonable doubt that the judge is actually impartial. 
Rogers v. Bradley, 909 S.W.2d 872, 881 (Tex. 1995) (Enoch, J., concurring). “[B]ecause
this test requires courts to evaluate a motion to recuse from a disinterested observer’s
point of view, it seems best suited to achieve the primary purpose of Rule 18b(2)(a):
avoiding the appearance of judicial bias.” Id. at 882. 
                     Prejudgment of the Case
          Lewis is correct that the language of the article 18.18(b) show cause notice signed
by Judge Board and addressed to Lewis in places refers to “gambling proceeds,” “gambling
devices,” and gambling paraphernalia” without the modifying term “alleged.” For instance,
the notice recites in part, “[a] detailed description of the property seized and total amount
of the gambling proceeds is as follows . . . .” Lewis argues this phraseology without the
qualifying adjective “alleged” indicates prejudgment by Judge Board.
          A forfeiture proceeding begins with the State seeking a search warrant supported
by an affidavit averring “sufficient facts . . . to satisfy the issuing magistrate that probable
cause does in fact exist for its issuance.” Tex. Code Crim. Proc. Ann. art. 18.01(b) (Vernon
Supp. 2008); Hardy v. State, 102 S.W.3d 123, 127 (Tex. 2003). If the search warrant
issues, it is executed by the State which conducts a search and seizure of the designated
property. Tex. Code Crim. Proc. Ann. arts. 18.06 (Vernon 2005) & 18.09 (Vernon Supp.
2008). If no prosecution or conviction follows the seizure, the magistrate must notify the
person in possession of the property or proceeds made the subject of the search warrant
to show cause why the property should not be destroyed and the proceeds forfeited. Art.
18.18(b). The show cause hearing is an adversary proceeding. Hardy, 102 S.W.3d at
127, 129. In a civil forfeiture proceeding, the State satisfies its initial burden by establishing
probable cause for seizing the subject property or proceeds. Id. at 129. At the show cause
hearing, therefore, the burden is on any person interested in the seized property or
proceeds to prove by a preponderance of the evidence why the property is not subject to
destruction or forfeiture. Id. at 127, 129.
          Assuming, arguendo, the correctness of Lewis’s premise that the language of the
notice could properly be said to evidence Judge Board’s judicial attitude, the difficulty with
Lewis’s argument based on the language of the notice here is that the language is not
consistent. The notice elsewhere contains the modifier “alleged” when referring to the
seized property. The notice includes, in bold font, the language of art.18.18(e) (“[a]ny
person interested in the alleged gambling device or equipment . . . gambling proceeds
 . . . .”). Reading the notice as a whole, we do not agree it establishes an abuse of
discretion.
                     Improper Ex Parte Communication 
          Lewis next contends the State’s attorney conferred ex parte with Judge Board about
the forfeiture proceeding and the contents of the art. 18.18(b) notice, and such contact
presents the appearance of Judge Board’s partiality in favor of the State. The only
evidence of contact between Judge Board and the State’s attorney was that developed at
the May 20, 2005, telephonic recusal hearing before Judge Moore. During the proceeding,
the State’s attorney notified Judge Moore that he prepared the art. 18.18(b) notice for
Judge Board. Later in the hearing Judge Moore asked the State’s attorney, “Where did
you get the forms to prepare the documents?” The State’s attorney replied:
I got the form from Judge Board. We had a case about a year ago where
this issue came up, and he drafted the notice that time. In this particular
case, he instructed me to go ahead and do it since we had a template. I
made one modification to that. I put in the word show cause, and I changed
up the inventory of the items listed; otherwise, it was what he had used
before.
          All that can be said from this scant evidence is Judge Board instructed the State’s
attorney to prepare the art.18.18(b) notice using a form Judge Board previously prepared. 
The record permits only speculation regarding what, if anything, else was said. We are
unable to say the evidence of ex parte contact leads to the conclusion Judge Moore
abused his discretion. 
 
 
                     The Role of the Trial Court in an Article 18.18 Forfeiture Proceeding
          Lewis next argues art.18.18(b) assigns the magistrate, Judge Board, responsibility
for prosecution of the case. Because he carries that responsibility, Lewis contends,
allowing Judge Board to rule on Lewis’s motion to dismiss for want of prosecution “creates
a clear appearance of possible bias or lack of impartiality.” Lewis’s premise that Judge
Board, as the magistrate, is placed in the position of prosecuting the forfeiture is supported
only by Lewis’s interpretation of article 18.18, and he cites no authority agreeing with his
interpretation. His argument ignores the fact, apparent from the record, that the Randall
County Criminal District Attorney’s office represented the interests of the State in the
forfeiture proceeding in the trial court. We fail to see how a trial judge exhibits bias or
partiality simply by performing his statutory responsibilities in a forfeiture proceeding.
          In a broader sense, Lewis’s argument is an attack on article 18.18(b). He does not
contend the article is unconstitutional or its strictures were not properly followed by the trial
court. Rather it is the effect of the statute he condemns. But, as courts often have
recognized, it is the legislative branch, not the judicial, that evaluates the wisdom of
legislation. See, e.g., In re Jorden, 249 S.W.3d 416, 424 (Tex. 2008) (arguments that
statute is unwise or unfair must be addressed to legislature, in absence of constitutional
claim); Ullmann v. Jasper, 70 Tex. 446, 452-53, 7 S.W. 763, 765 (1888) (“where a rule is
given by act of the Legislature, courts are not at liberty to disregard it, or to attempt to avoid
its effects, when applied to a state of facts contemplated by it”). 
 
                     Forum Shopping
          Lewis’s last contention in support of his third issue asserts Judge Moore should
have recused Judge Board because all 8-liner forfeiture cases in Randall County from “at
least 2001” were filed in Judge Board’s court and in each case the State obtained the relief
requested. This, Lewis asserts, violates a local rule requiring random assignment of cases
by the district clerk and amounts to forum shopping by law enforcement personnel. 
          According to a stipulation of the parties, since “2001 or 2002” all forfeiture cases in
Randall County handled by the assistant district attorney representing the State in the case
at hand were filed in Judge Board’s court. And, according to the stipulation, in each of
these cases reaching judgment, the State prevailed. The record does not show the
number of cases involved or in what court other prosecutors filed cases. The local rule of
case assignment directs the district clerk to randomly assign civil cases among the district
courts of Randall County. It does not address the issuance of search warrants on proper
application by law enforcement. See art. 18.18(b) (magistrate to whom return of warrant
was made shall issue show cause); Hardy, 102 S.W.3d at 127 (forfeiture proceeding under
chapter 18 of Code of Criminal Procedure begins when affidavit is presented to
magistrate).
          On this record, we cannot say Judge Moore abused his discretion by not recusing
Judge Board on the grounds raised by Lewis in his sub-issues. We overrule Lewis’s third
issue.
          In his fifth issue, Lewis presents further argument regarding the State’s forum
shopping and the resulting appearance of bias on the part of Judge Board. Our disposition
of his third issue disposes of the fifth issue as well. 
          Issue Four - Stay of Judgment
          In his fourth issue, Lewis complains of what he characterizes as Judge Moore’s
“refusal to even take up and allow a record to be made” regarding a pleading Lewis filed
on November 21, 2007, entitled “Application to Protect Jurisdiction.” In this pleading, filed
in the trial court but addressed to Judge Moore, Lewis sought an order staying Judge
Board’s “entry of any judgment” following the November 1 show cause hearing until Judge
Moore ruled on Lewis’s May 20 recusal motion. We overrule the issue for several reasons
but here note simply that its overruling is required by our conclusion Judge Board was
authorized by Civil Practice & Remedies Code section 30.016 to preside over the show
cause hearing. 
          Issue Six - Gambling Devices
          In his sixth issue, Lewis argues the trial court misapplied the exception to the term
“gambling device”


 provided by Penal Code section 47.01(4)(B). See Tex. Penal Code
Ann. § 47.01(4)(B) (Vernon 2003).


 We interpret Lewis’s complaint is the trial court erred
by denying his motion for directed verdict on the ground that the 51 seized machines fall
within the section 47.01(4)(B) exception. 
          According to the evidence at the show cause hearing, an undercover officer playing
Lewis’s gaming machines received $5 tickets from a machine. An employee of Lewis
converted the tickets to cash and deposited the cash into another machine for additional
play. Lewis contends the only difference in this practice and that of machines in an arcade
for children that reward high scores with additional play is the former keep track of a right
to additional play by a paper ticket while the latter employ paperless electronic score
keeping. This distinction, complains Lewis, is “hyper technical.” 
          Whether the practice of awarding tickets by a gaming machine that are then
converted to cash for additional play comes within the section 47.01(4)(B) exception in a
civil forfeiture proceeding was before the Texas Supreme Court in Hardy. 102 S.W.3d 123. 
According to the facts of Hardy, tickets awarded by a gaming machine could be exchanged
through a game room attendant for cash to play another machine. Id. at 132. In deciding
the applicability of the section 47.01(4)(B) exclusion, the Court held:
This practice of exchanging tickets for cash . . . removes the machines from
the section 47.01(4)(B) exclusion. While additional play in itself is not
proscribed, when that additional play is accomplished by providing cash to
play other machines, the statutory exclusion is not satisfied. The exclusion
requires that the machine at issue reward the player “exclusively with
noncash merchandise prizes, toys, or novelties, or a representation of value
redeemable for those items.” Tex. Penal Code § 47.01(4)(B) (emphasis
added). Under the statute, once cash is awarded, it does not matter whether
the player deposited the cash directly into the machine or whether an
attendant performed this task. Cash to be used for play on another machine
is not a noncash merchandise prize, toy, or novelty. If tickets are exchanged
for cash, regardless of whether that cash is used to play another machine,
the exclusion does not apply. 
Id. We find Hardy controls disposition of Lewis’s legal argument in this issue. While Lewis
contends Hardy is overly technical, the holdings of the Texas Supreme Court nonetheless
are binding on this court. See In re K.M.S., 91 S.W.3d 331, 331 (Tex. 2002) (pointing out
courts of appeals are not free to disregard opinions of Texas Supreme Court). The trial
court did not err in denying Lewis’s motion for directed verdict. We overrule Lewis’s sixth
issue.
          Issue Seven - Authority of Attorney for State
          In his seventh issue Lewis contends the criminal district attorney for Randall County
was without authority to prosecute the case because art. 18.18(b) places all prosecutorial
responsibility on the magistrate. Lewis presented the contention in the trial court by means
of motion pursuant to Rule of Civil Procedure 12, which authorizes a party by sworn motion
filed in the trial court to challenge the authority of an attorney to prosecute or defend an
action. Tex. R. Civ. P. 12; see Angelina County v. McFarland, 374 S.W.2d 417, 422 (Tex.
1964) (describing operation of rule).
          Although the record shows Lewis filed his Rule 12 motion, it does not show the trial
court ruled on the motion. Moreover, the motion would appear to have been untimely,
since it was filed almost three months after trial. No error with respect to the motion is
preserved for our review. Tex. R. App. P. 33.1(a)(2). We overrule Lewis’s seventh issue.
The State’s Cross-Appeal
          The State filed a notice of appeal and asserts by cross-appeal that Judge Moore
abused his discretion by denying its request for attorney’s fees and costs at the February
1, 2008, hearing of Lewis’s “Fourth Supplemental and Amended Motion to Recuse.” For
its requested award of attorney’s fees and costs, the State relies on Civil Practice and
Remedies Code section 30.016(c) which provides:
A judge hearing a tertiary recusal motion against another judge who denies
the motion shall award reasonable and necessary attorney's fees and costs
to the party opposing the motion. The party making the motion and the
attorney for the party are jointly and severally liable for the award of fees and
costs. The fees and costs must be paid before the 31st day after the date
the order denying the tertiary recusal motion is rendered, unless the order is
properly superseded.
Tex. Civ. Prac. & Rem. Code Ann. § 30.016(c) (Vernon 2008).
          At the February 1 hearing, Judge Moore denied Lewis’s recusal motion. The State
presented evidence of attorney’s fees and costs expended and the court expressly found
$675 was a reasonable attorney’s fee and $1.23 a reasonable cost for responding to the
motion. Lewis presented no controverting evidence. The court, however, denied the
State’s request for attorney’s fees and costs.
          The record reveals Lewis’s “Fourth Supplemental and Amended Motion to Recuse”
was the sixth recusal motion he filed against Judge Board. The February 1 hearing was
of a tertiary recusal motion. Tex. Civ. Prac. & Rem. Code Ann. § 30.016(a) (Vernon 2008). 
The term “shall” as used by statute is generally recognized as “mandatory, creating a duty
or obligation.” See Helena Chem. Co. v. Wilkins, 47 S.W.3d 486, 493 (Tex. 2001) (citing
Tex. Gov’t Code Ann. § 311.016(2)). Because Judge Moore denied the requested recusal
of the trial court judge an award of reasonable and necessary attorney‘s fees was
mandatory. The refusal to grant the requested attorney’s fees and costs was an abuse of
discretion. See, e.g., In re Am. Homestar of Lancaster, Inc., 50 S.W.3d 480, 483 (Tex.
2001) (trial court has no discretion in applying law to facts and failure to correctly apply law
is abuse of discretion). We sustain the State’s single issue on cross-appeal.
Conclusion
          Judge Moore’s order denying attorney’s fees and costs is reversed and in
accordance with statute we order that the State recover from Lewis and his attorney, jointly
and severally, the sums of $676.23 for attorney’s fees and $1.23 for costs. The sums
awarded shall be paid before the 31st day after the day of this opinion unless properly
superseded. See Tex. Civ. Prac. & Rem. Code Ann. § 30.016(c) (Vernon 2008).
          Otherwise, having overruled each of Lewis’s issues we affirm the judgment of the
trial court and affirm the orders of Judge Moore denying recusal of Judge Board.
 
                                                                           James T. Campbell

                                                                                      Justice