

# NUMBER 13-11-00286-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

JOSE DE LEON,                                                      Appellant,

v.

FIDEL RODRIGUEZ,                                                  Appellee.

## On appeal from the County Court at Law No. 4
## of Hidalgo County, Texas.

# MEMORANDUM OPINION

### Before Justices Rodriguez, Benavides and Longoria
### Memorandum Opinion by Justice Benavides

This appeal arises over a landlord-tenant dispute. By one issue, appellant, Jose De Leon, appeals, the trial court's judgment in favor of appellee, Fidel Rodriguez, for unpaid rent and for forcible detainer. *See* TEX. PROP. CODE ANN. § 24.002 (West 2000).

We affirm.

## I. BACKGROUND[1]

This forcible detainer action was brought by Fidel against De Leon regarding a rental property on Bluebird Avenue in McAllen, Texas.[2] According to the record, Jesus Puga Rodriguez (Jesus) is the record titleholder of the Bluebird property.

Prior to trial, De Leon filed a "Motion to Show Authority," *see* TEX. R. CIV. P. 12, to determine whether Fidel's trial counsel, Alex Moreno Jr., was acting with proper authority to prosecute the suit on behalf of Jesus's interests. The trial court concluded that Fidel's trial counsel could continue his representation, but De Leon objected on the grounds that no admissible written evidence existed to show privity of contract between Fidel's trial counsel and Jesus.

A bench trial was held in March 2011, and the trial court found in favor of Fidel. This appeal ensued.

## II. MOTION TO SHOW AUTHORITY

By one issue, De Leon asserts that the trial court erred by ruling that Fidel's trial counsel had authority to proceed as counsel for Jesus.

### A. Applicable Law

---

[1] The record shows that because the reporter's record in this case is lost and unrecoverable, the parties and trial court filed a joint "Statement of Evidence" for our review. Furthermore, because this is a memorandum opinion and the parties are familiar with the facts, we will not recite them here except as necessary to advise the parties of the Court's decision and the basic reasons for it. *See* TEX. R. APP. P. 47.4.

[2] This cause was originally brought in justice court but later appealed de novo to Hidalgo County Court at Law No. 4 where De Leon asserted a counterclaim for repairs he made to the rental property. Those matters are not before us in this appeal.

When a rule of procedure is clear, unambiguous, and specific, we construe its language according to its literal meaning. *Bradt v. Sebek*, 14 S.W.3d 756, 762 (Tex. App.—Houston [1st Dist.] 2000, pet. denied). Furthermore, rule interpretation is a pure question of law over which the judge has no discretion. *Id.* (citing *Mitchell Energy Corp. v. Ashworth*, 943 S.W.2d 436, 437 (Tex. 1997)).

Rule 12 of the rules of civil procedure provides the following:

> A party in a suit or proceeding pending in a court of this state may, by sworn written motion stating that he believes the suit or proceeding is being prosecuted or defended without authority, cause the attorney to be cited to appear before the court and show his authority to act. . . . At the hearing on the motion, the burden of proof shall be upon the challenged attorney to show sufficient authority to prosecute or defend the suit on behalf of the other party. Upon his failure to show such authority, the court shall refuse to permit the attorney to appear in the cause, and shall strike the pleadings if no person who is authorized to prosecute or defend appears. The motion may be heard and determined at any time before the parties have announced ready for trial, but the trial shall not be unnecessarily continued or delayed for the hearing.

TEX. R. CIV. P. 12. The historical background and purpose behind Rule 12 was to protect defendants from groundless suits. *Angelina County v. McFarland*, 374 S.W.2d 417, 423 (Tex. 1964). It was thought that a person who was sued was entitled to know that the named plaintiff had in fact authorized the suit. *Id.*

**B. Discussion**

The named plaintiff in this suit is Fidel Rodriguez, not Jesus Puga Rodriguez. It also appears undisputed from the record that Jesus is the recorded title owner of the Bluebird property and that Fidel's trial counsel represents Fidel, not Jesus, in the present case. By his motion, however, De Leon challenges whether Fidel's trial counsel has authority to represent Jesus's interests, when the named plaintiff is Fidel. A durable

3

power of attorney or similar instrument, *see* TEX. PROBATE CODE ANN. § 482(3) (West 2003), signed by Jesus, which gives Fidel unreserved and unlimited "general power for lawsuits" and "acts of administration" related to Jesus's benefit, was admitted into evidence over De Leon's objection. Through this instrument, the trial court recognized Fidel's right to file suit on the Bluebird property on Jesus's behalf and that Fidel's trial counsel was acting with property authority. Accordingly, Fidel's trial counsel met his burden of proof. *See* TEX. R. CIV. P. 12. In light of the foregoing, we conclude that the trial court did not err in overruling De Leon's Rule 12 motion. De Leon's sole issue is overruled.

## III. CONCLUSION

We affirm the trial court's judgment.

_____
GINA M. BENAVIDES,
Justice

Delivered and filed the
25th day of July, 2013.

4