**MOBILE HOMES OF AMERICA, INC., Appellant,**

v.

**EASY LIVING, INC., et al., Appellees.**

**No. 17663.**

Court of Civil Appeals of Texas, Fort Worth.

Sept. 19, 1975.

**848**

Steves & Morgan, Paul C. Cook, Fort Worth, for appellant.

McBryde, Bogle & Green, and John H. McBryde, Fort Worth, for Easy Living, Inc., Enchanted Harbors, Inc., Metro Industries, Inc., Norman Walters Construction & Development Co., Inc., and Modular Enterprises, Inc.

Shannon, Gracey, Ratliff & Miller, and Kleber C. Miller, Fort Worth, for appellee E. W. Bollinger.

McDonald, Sanders, Ginsburg, Phillips, Maddox & Newkirk, and Sam J. Day, Fort Worth, for appellee Walter G. Cook.

## OPINION

MASSEY, Chief Justice.

This is a case which in the court below was brought by a purported corporation, Mobile Homes of America, Inc., against numerous defendants. Defendants, some time after date on which they had answered and joined issue upon the merits of plaintiff's suit, filed a Rule 12 Motion, that is a sworn motion stating a belief the suit was instituted against them without authority on the part of those attorneys who had signed the pleadings for plaintiff, Mobile Homes, coupled with demand that these attorneys show sufficient authority from the plaintiff to institute or prosecute the suit filed. T.R.C.P. 12, "Attorney to Show Authority".

Following the hearing set upon the Rule 12 Motion the trial court entered an order dismissing the suit. On the face thereof it was written that the court found that because the right to do business and charter of Mobile Homes of America, Inc. had been forfeited for failure to pay franchise taxes before date suit was brought it had no authority to sue in the courts of the State and, consequently, had no authority to hire attorneys for that purpose. Further, the court found that attorneys who initiated and are prosecuting the suit had no legal authority to do so. The order of the court dismissed the suit, including plaintiff's cause of action alleged against the defendant who had not made himself a party to the Rule 12 Motion and had not questioned any attorney's authority.

The purported corporation, Mobile Homes of America, Inc. perfected an appeal.

Interestingly, in the proceedings before this appellate court no defendant in the suit has attacked the propriety of those same plaintiff's attorneys' representation of Mobile Homes on appeal.

■ A consideration of Rule 12 in the instant case serves only to confuse. Purpose in mind by adoption thereof was to discourage and to cause the dismissal of suits brought without authority. It was intended to aid in protecting defendants from *groundless suits*. It was thought that a person who was sued was entitled to know that *the named plaintiff* had in fact authorized the suit. *Angelina County v. McFarland*, 374 S.W.2d 417 (Tex.Sup., 1964). See also 7 C.J.S. Attorney and Client § 76, "Evidence of Authority", p. 886.

■ Use of a Rule 12 Motion, it seems to us, presupposes acceptance of the fact that there is an identifiable person who could be represented as a party plaintiff; that the movant is in position of acknowledging that such was the fact, but that the attorneys presenting themselves as its agents to file and prosecute the suit in fact had not been

employed by it to do so. The briefs in this case make it plain that the question is upon the right of Mobile Homes to bring the suit, not upon the right of any particular attorneys to present themselves as attorneys for Mobile Homes.

From the record brought forward on appeal it is clear that though no such denominated pleading had been filed by defendants they were actually presenting a plea in abatement. Their evidence bore upon matters appropriate to such character of pleading, not upon absence of the fact of employment by a principal, the question appropriate to a Rule 12 Motion. Their evidence was directed upon proving want of Mobile Homes' capacity and authority to bring the suit. By such evidence they discharged the burden of proof incumbent upon one who files such a plea. Furthermore, though no plea in abatement was presented in written form among papers filed in the case, that was what was tried and at no time was tender of defendants' evidence met with any objection by Mobile Homes.

■ T.R.C.P. 67, "Amendments to Conform to Issues Tried Without Objection", provides that when issues are on trial by express or implied consent of the parties they shall be treated as if they were raised by pleadings. By force of Rule 67 the parties tried a plea in abatement; by the judgment there is necessary implication that a plea in abatement was sustained (with dismissal of suit); and that propriety of such action by the court is the substance of that upon which the parties present and argue upon the appeal.

Evidence placed before the court was undisputed. Thereby it was shown that November 8, 1971 Mobile Homes' right to do business as a corporation was forfeited by administrative action of the Comptroller of Public Accounts because of the failure of Mobile Homes to pay franchise tax. Authority therefor is found in V.A.T.S. Taxation—General, Ch. 12, "Franchise Tax", Art. 12.14, "Failure to Pay Tax and File Reports". Where the amount of franchise tax owing, plus penalties, be not paid in full on or before the thirtieth day after notice of delinquency is mailed to a corporation such corporation shall for such default forfeit its right to do business in the State of Texas; which forfeiture shall be consummated without judicial ascertainment by the Comptroller of Public Accounts.

Further provision of the aforesaid Art. 12.14, upon the forfeiture by the Comptroller of Public Accounts is: "Any corporation whose right to do business shall be *thus forfeited* shall be denied the right to sue or defend in any court of this State, except in a suit to forfeit the charter or certificate of authority of such corporation." (Emphasis supplied.)

While not essential to the instant case notice should be taken of V.A.T.S. "Taxation—General", Ch. 12, "Franchise Tax", Art. 12.17, "Forfeiture of Charter and Bill of Review". Therein is provision for action of the Secretary of State in administratively forfeiting the charter of a corporation whose right to do business has been forfeited by the Comptroller of Public Accounts because of failure to pay franchise tax, etc. On and after the first day of January following the year in which there has been such forfeiture of right to do business by the Comptroller, the Secretary of State, upon arriving at decision or conclusion that the corporation has no assets from which a judgment for franchise tax, penalties, and court costs may be satisfied, is authorized to administratively act in forfeiture of the charter of such corporation. Evidence of such is directed to be by certain entries upon records of (or relative to) the corporation as contained in the office of the Secretary of State, giving the date thereof and citing the Act as the authority therefor. Accomplishment provides record not only of the fact of forfeiture of the corporate charter but also of the fact that the Comptroller had acted and that there existed the necessary prerequisite of a forfeiture of the corporation's right to do business pursuant to authority of the aforementioned Art. 12.14.

Such action by the Secretary of State in forfeiture of the charter of Mobile Homes was proved to have occurred on February 26, 1973, which date was approximately four months before the suit of Mobile Homes was filed.

On the matter of the state of the law relative to denial of the right of affirmative relief to a corporation which has had things "happen to it" like unto those applicable in the case of Mobile Homes, see 14 Tex.Jur.2d p. 674, "Corporations", Sec. 581, "(B. Franchise Tax—Consequences of nonpayment—) —Suspension of right to sue or defend". Note also the solutions provided by law for restoration of such rights by revival of its right to do business. While there has been amendment of the laws relative to the situation since the case was decided, the theory behind the laws relative to franchise taxes owed by any corporation and the reasons for the state of the law still persist and are explained in a Supreme Court case of 1940. *Ross Amigos Oil Co. v. State*, 134 Tex. 626, 138 S.W.2d 798 (1940). In general it is this: corporate taxes must be paid; if not paid, the right to do business as a corporation is to be forfeited until they are paid, and when and while forfeited there shall be foreclosed any right of the corporation to use the courts of Texas.

Countering the foregoing Mobile Homes seeks avail of benefits to which it believes itself entitled by force of Texas Business Corporation Act, Art. 7.12, "Survival of Remedy after Dissolution", and by force of Texas Miscellaneous Corporation Laws Act, Art. 1302—2.07, "Limited Survival after Dissolution".

Both the foregoing cited Articles make provision for preservation of the right of a corporation to sue in Texas courts for a period of three years after its dissolution as such in specified instances. These are where the dissolution has occurred (1) by the issuance of a certificate of dissolution by the Secretary of State, (2) by a decree of court when the court has not liquidated the assets and business of the corporation as provided therein, or (3) by expiration of the period of its duration as a corporation.

But we are of the opinion, and hold, that neither of the Articles relied upon by Mobile Homes has any application to this case. In no respect do they relate to a corporation which is by the State deemed to be liable for an indebtedness owing for franchise tax, remaining unpaid. An example of an instance where a corporation which did not owe the State a franchise tax was permitted to prosecute suit in the corporate name after dissolution is *Vouras v. 3525 Turtle Creek, Inc.*, 369 S.W.2d 819 (Dallas Tex.Civ.App., 1963, writ ref., n. r. e.). In that case there had been a plea in abatement presented and argued and overruled prior to trial on the merits; briefs in the case were exhaustive upon the right to maintain suit as by a corporation where no tax indebtedness is owing to the State.

There is no occasion for statutory construction in this instance for the two different sets of statutes relate to corporations in different circumstances. The law relied upon by Mobile Homes is without application in this case because its right to do business was forfeited by action of the Comptroller of Public Accounts for failure to pay franchise tax, and for that reason the statutes constituting basis for the contention of Mobile Homes are without application.

A further argument by Mobile Homes that it should be permitted to file suit in the corporate name is substantially this: 1. as found by the Secretary of State it has no assets from which there might be collection of franchise tax it owes the State, 2. that only by permitting suit to establish or gain assets from which there could have been collection of franchise tax owing had they not merely constituted choses of action but rather accomplished collections, etc., could payment of the franchise tax debt have been made, and 3. that in such circumstances the law should permit such a financially distressed corporation to sue and recover upon such choses of action that the public

policy might be accomplished, to-wit: the acquisition of funds by use of which the franchise tax might then be paid.

We must concede the ingenious nature of the contention and theory but reject it as beneficial to plaintiff. If Mobile Homes has not the "wherewithal" to have restored its corporate existence and right to do business upon payment to the State of the franchise tax and penalties owing, or cannot prevail upon some other to supply such in its behalf, its disqualification to sue in Texas courts must persist. As a corporation it will continue to lack the necessary qualifications to prosecute any suit.

Judgment is affirmed.