Denise E. SLOAN and Patricia
Ruffin, Relators,

v.

Mickey RIVERS, Respondent.

No. 2–85–134–CV.

Court of Appeals of Texas,
Fort Worth.

July 17, 1985.

Law Offices of George S. Henry and Ernest A. Laun, Dallas, for relators.

Joe Shannon, Jr., Fort Worth, for respondent.

Before ASHWORTH, BURDOCK and HOPKINS, JJ.

## OPINION

BURDOCK, Justice.

On the 6th day of June, 1985, Ernest A. Laun, purportedly as attorney for Denise E. Sloan and Patricia Ruffin, filed a petition for temporary restraining order and injunction naming Mickey Rivers as respondent. The petition alleged that injunctive relief was necessary in order for this Court to protect its jurisdiction and preserve the subject matter of the appeal in Cause No. 02–85–095–CV now pending in this Court. That appeal is from an order of the 236th Judicial District Court denying a post-judgment application for turnover in which Denise E. Sloan and Patricia Ruffin were movants and Mickey Rivers was judgment debtor.

It having appeared to the Court from the verified application that a temporary injunction was necessary to preserve our jurisdiction and the subject matter of the appeal in Cause No. 02–85–095–CV, we ordered a writ of temporary injunction to issue on June 6, 1985.

 Subsequently, a hearing was held on June 18, 1985, upon the motion of Mickey Rivers to rescind and dissolve our temporary injunction. Before a ruling was made on that motion, Mickey Rivers filed, on June 21, 1985, his Motion to Strike Attorney of Record, alleging that Ernest A. Laun had admitted in writing that he did not represent Denise E. Sloan and therefore Ernest A. Laun and the law office of George S. Henry, in which Laun was an associate, should be stricken as attorneys of record. Although such motion was not verified as required by TEX.R.CIV.P. 12, its substance sufficiently put the Court on notice of a possible irregularity worthy of further inquiry by the Court. No exception having been taken, the requirement of verification is deemed waived. *See* TEX.R. CIV.P. 90.

On June 28, 1985, we held a hearing on the motion to strike attorneys. Although, for scheduling convenience, the hearing date had been set without the full ten days notice usually allotted in such cases, Mr. Laun appeared without objection or motion for continuance. At that time he freely admitted in open court that he did not have the authority of either Denise E. Sloan or Patricia Ruffin to prosecute the action for injunction. Mr. Laun did state that he represented an undisclosed assignee of the judgment and that the assignment of the judgment had not been recorded to protect the confidentiality of his client. No other person authorized to represent the named relators appeared nor was there any suggestion that those persons, or either of them, wished to proceed *pro se.*

 Under these circumstances, we agree with Respondent Rivers that the pro-

visions of TEX.R.CIV.P. 12 apply. The rule is here set out in its entirety:

A party in a suit or proceeding pending in a court of this state may, by sworn written motion stating that he believes the suit or proceeding is being prosecuted *or defended* without authority, cause the attorney to be cited to appear before the court and show his authority to act. The notice of the motion shall be served upon the challenged attorney at least ten days before the hearing on the motion. At the hearing on the motion, the burden of proof shall be upon the challenged attorney to show sufficient authority to prosecute or defend the suit on behalf of the other party. Upon his failure to show such authority, the court shall refuse to permit the attorney to appear in the cause, and shall strike the pleadings if no person who is authorized to prosecute or defend appears. The motion may be heard and determined at any time before the parties have announced ready for trial, but the trial shall not be unnecessarily continued or delayed for the hearing.

As would be expected from the very nature of the rule, there has not been developed a large body of precedent as to the application of its provisions. This Court has previously noted that the rule's purpose is to discourage and cause dismissal of suits brought without authority so as to protect defendants[1] from groundless suits. *Mobile Homes of America, Inc. v. Easy Living, Inc.,* 527 S.W.2d 847, 848 (Tex.Civ. App.—Fort Worth 1975, no writ); in that case we followed the guidance of the Supreme Court given in *Angelina County v. McFarland,* 374 S.W.2d 417, 422 (Tex. 1964). The Supreme Court had previously held that TEX.R.CIV.P. 320 (now Rule 12) provides the exclusive method of questioning the authority of an attorney to bring suit and that such challenge came too late if lodged for the first time on appeal. *See Victory v. State,* 138 Tex. 285, 158 S.W.2d 760 (1942). That the challenge is properly made in this original proceeding before us

now is clear from the language of *Angelina County,* wherein it is stated "... the Rule and its predecessor statute have application to challenges in the trial court *or the court in which the action commenced".* (Emphasis added.) *Angelina County,* 374 S.W.2d at 422. This action commenced in this Court and, having been brought without authority, should now be terminated in this Court.

■ Taking further note that Mr. Laun was not provided the full ten days notice of our hearing, we observe that it is axiomatic that a party who appears and fully participates in a hearing without objection waives any failure to comply with the rules of service and notice. *See Hill v. W.E. Brittain, Inc.,* 405 S.W.2d 803 (Tex.Civ.App.— Fort Worth 1966, no writ). There, we wrote:

The purpose of the rules relating to service and notice is to make reasonably certain that all parties to a suit are notified as to the date and time the court has set their matter down for hearing and determination. This is in order that the parties, individually or by counsel may appear, and present their side of the case and to take such action as is deemed appropriate to protect their interest. Thus, service and notice in a technical sense is incidental where the main purpose of obtaining the appearance of all parties and their participation is accomplished.

It is in instances where parties or the attorneys fail to make an appearance and participate in a hearing affecting their rights that an examination of the technical aspects of the rules of service and notice are and should be closely examined and adhered to.

■ Furthermore, we do not deem it necessary to make further inquiry regarding the named relator, Patricia Ruffin, even though River's motion to strike attorneys referred only to the apparent lack of Laun's authority to represent Denise E. Sloan. As we see it, counsel's admission in

---

**1.** The rule in existence at that time provided for the motion by plaintiffs only.

open court, as an officer of the court, that he lacked authority of either of the parties named in his original pleadings vitiates the petition in its entirety.

Accordingly, the Petition for Temporary Restraining Order and Injunction is ordered stricken from the record; the names of Ernest A. Laun and George S. Henry are stricken as attorneys of record; and the order of this Court dated June 6, 1985 is vacated and the writ of temporary injunction issued thereon is withdrawn as improvidently issued.