**Mandamus Dismissed; Reversed and Remanded; Majority and Dissenting Opinions filed May 15, 2012.**



**In The**

# Fourteenth Court of Appeals

---

### NO. 14-11-00526-CV

---

### IN RE FREEMAN GRAVITT, Relator

### ORIGINAL PROCEEDING
### WRIT OF MANDAMUS

---

### NO. 14-11-00075-CV
_____

### DINAH PLANT AND FREEMAN GRAVITT AS NEXT FRIENDS AND ON BEHALF OF JAMES GRAVITT, Appellants,

### V.

### CLEVELAND REGIONAL MEDICAL CENTER AND KEITH SPOONER, M.D., Appellees
_____

**On Appeal from the 190th District Court**
**Harris County**
**Trial Court Cause No. 2008-52450**

---

## DISSENTING OPINION

The majority sustains both of Freeman's issues on appeal, holding that he satisfied the requirements for a restricted appeal under Texas Rule of Appellate Procedure 30 and that Freeman, personally, was entitled to notice of the trial court's July 21, 2010 order granting Defendant Spooner's motion to show authority under Texas Rule of Civil Procedure 12 and striking plaintiffs' pleadings. *See* TEX. R. APP. P. 30; TEX. R. CIV. P. 12.

Because I disagree with the determination that Freeman, personally, was entitled to notice of the Court's order, I respectfully dissent.

I

I agree with the majority's presentation of the procedural facts. I agree that it is undisputed that Freeman, personally, did not receive actual or constructive notice of the Rule 12 order. I agree that notice to Phelps and Leija, "the challenged attorneys," is not legally imputed to Freeman. Therefore, as a matter of law, Freeman, as the putative plaintiff in the action, did not know that the trial court had stricken pleadings that it found to have been filed on Freeman's behalf without authority.

I do not agree that there is error in the aforementioned, however. Stated differently, if this court is holding that the trial court erred in failing to provide Freeman, personally, notice of the order striking the pleadings, there must be some rule that requires such notice. There is no such rule, and Freeman has not pointed to one.

Freeman attempts to advance Texas Rule of Civil Procedure 10, governing withdrawal of counsel, as an analogy for requiring notice to him personally. Under Rule 10, the withdrawing attorney gives notice to his client and provides the court with the client's last known address in order that all future notices required may be served upon the now lawyerless client. *See* TEX. R. CIV. P. 10. The analogy is illogical in context and impractical. First, when the trial court grants a Rule 12 motion, it is because the lawyer has failed to demonstrate that he has a client—thus, it is completely illogical to hold that

2

such unauthorized attorney should notice his non-client. Second, from a practical standpoint, Rule 10 **requires** the withdrawing lawyer to give the client's last known address because that becomes the official address of the party to whom the clerk of the court may resort in discharging the various duties to provide notice under the rules. Conversely, Rule 12 does not require anyone to serve the Rule 12 motion on the putative party—notice, by the plain language of Rule 12 is to "the challenged attorney." This Court should not hold that the trial court erred[1] because it failed to discharge its duty to provide Freeman personal notice without also explaining how, in future cases, the trial court or the clerk is to provide notice to each putative party following a Rule 12 order striking pleadings without a "last known address."[2]

Freeman's misplaced Rule 10 analogy also depends upon a construction of Rule 12 that the majority should have rejected for its devastating, but unintended consequences. Rule 12 requires the trial court to strike the pleadings filed by the challenged attorney who fails to show authority "if no person who is authorized to prosecute or defend **appears**." TEX. R. CIV. P. 12 (emphasis supplied). I find nothing in this record to suggest Freeman or Plant ever "appeared" before the trial court to prosecute. Freeman does not even allege that he "appeared" to prosecute the suit in any way that would pass muster under the Texas Rules of Civil Procedure. *See, e.g.*, *Smith v. Lippman*, 826 S.W.2d 137, 138 (Tex. 1992) (holding that a *pro se* letter identifying the parties, the case, and the defendant's current address, is sufficient to constitute an appearance). The majority correctly points out that the trial court was "aware that

---

[1] Let there be no mistake—the majority holds the failure to provide Freeman personal notice is trial-court error notwithstanding the majority's reference to the capacity of defendants to serve Freeman personally if they "had really wanted to make sure that Freeman received notice of the dismissal." The Texas Rules of Civil Procedure assign the legal duty to provide notice—sometimes the duty rests with counsel; sometimes the duty rests with the clerk. There is never error in the failure of a party or the clerk to provide a courtesy copy of an order.

[2] The majority notes that Freeman's address was in the original petition, which was stricken, and in his deposition in the cause. While it is fortuitous that the record contains an address, this happenstance cannot justify the majority's holding that the clerk's duty to provide notice now includes scouring the pleadings on file for an address in the hope that it is a last known address. This procedure would be unworkable, expensive, and jeopardize the finality of judgments generally.

3

Freeman had testified concerning the medical-negligence claims arising out of the death of his son's mother." However, the majority nonetheless does not explain (a) why Freeman's testimony that he did not authorize the challenged lawyers to file suit means he wishes to "appear *pro se*," (b) why Freeman being named as "next friend" in an unauthorized pleading is tantamount to "appearing *pro se*," or (c) how the trial court should have otherwise gleaned Freeman's intent to constructively "appear" and proceed *pro se*. Why, after all, would Freeman "appear" before the trial court or form the intent to proceed *pro se* when, by his Rule 306a motion, he claimed he was unaware that he was unrepresented until September 2010?[3]

Thus, to support this strained development of error, the majority must necessarily deem Freeman to be acting *pro se* upon the trial court's grant of the motion to show authority. It is a new and devastating interpretation of Rule 12 that forms the underpinning of the majority's decision. If it is error that the trial court failed to provide Freeman notice of the order striking his pleadings, it was error because Freeman was entitled to notice. If Freeman was entitled to notice, it is because he was acting *pro se* on the pleadings that are on file. If Freeman was acting *pro se* on the live pleadings, without the necessity of an appearance, it is because he was deemed in law to be a *pro se* litigant. These are the analytical steps the majority walks.

These analytical steps leave one unanswered question: If Freeman was deemed in law to be acting *pro se*, has the majority held that (a) when any Rule 12 motion is granted the putative party becomes a *pro se* litigant without the necessity of formal request to do so[4] (as a matter of law); **or** (b) when this trial court granted this Rule 12 motion, there

---

[3] I believe the majority is understandably distracted in this cause by the after-the-fact evidentiary showing that Freeman did authorize the suit, and the potential that the challenged attorneys' failure to present that evidence at any of the three junctures afforded by the trial court may somehow result in a limitations bar to the underlying claim.

[4] Such an as-a-matter-of-law holding would ultimately need to provide some distinction between individuals and non-individual entities inasmuch as none other than the individual parties may appear *pro se*. *See Simmons, Jannace & Staff, L.L.P. v. Buzbee Law Firm*, 324 S.W.3d 833, 833 (Tex. App.— Houston [14th Dist.] 2010, no pet.).

was some unique reason this trial court had the nondiscretionary duty to locate Freeman's address in the file and send him notice of the order striking the unauthorized pleadings (as a matter of fact)?  If the answer is (a), and Rule 12 makes all unwittingly *pro se*, these litigants will suffer merits-based consequences from any failure to adequately prosecute or defend in any regard following the Rule 12 motion.[5]  If the answer is (b), then Rule 12 made Freeman *pro se* in this case because the trial court had a duty to look beyond the record on Rule 12 motion—in other words, a duty to pro-act.  If this is what our majority opinion has said, we have failed to assist this or any trial judge in how to know the you-must-find-a-way-to-give-notice Rule 12 case when he or she sees it.

/s/      Sharon McCally
Justice

Panel consists of Justices Brown, Boyce, and McCally.  (Brown, J., majority).

---

[5] Currently, the unauthorized pleading is vitiated or becomes a nullity upon the full grant of a Rule 12 motion.  *See, e.g.*, *Sloan v. Rivers*, 693 S.W.2d 782, 784–85 (Tex. App.—Fort Worth 1985, no writ).  But the majority's holding here breathes life into the pleading and compels the party who did not authorize its filing to become his or her own lawyer to pursue it.  In my opinion, there is no more vulnerable litigant in our complicated legal system than one acting *pro se*.  I urge that acting as a *pro se* litigant is a right that courts should honor, but never a responsibility that should be thrust upon a litigant involuntarily or constructively.