

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

No. 02-21-00263-CV

_____

IN RE T.H. AND B.H., Relators

---

Original Proceeding
442nd District Court of Denton County, Texas
Trial Court No. 21-1494-442

---

Before Birdwell, Bassel, and Wallach, JJ.
Opinion by Justice Birdwell

## OPINION

On August 24, 2021, Relators and paternal grandparents, T.H. and B.H., filed a petition for writ of mandamus complaining of the refusal of the 442nd District Court of Denton County to transfer venue of this suit affecting a parent–child relationship (SAPCR) to the 15th District Court of Grayson County for consolidation with a SAPCR they had previously filed seeking sole managing conservatorship of their grandchild, C.H.[1] Because we find that (1) Grayson County is a county of mandatory venue and (2) the Denton County district court abused its discretion by refusing the mandatory transfer, we conditionally grant the writ of mandamus.

## BACKGROUND

On January 19, 2021, Relators filed an original SAPCR in the Grayson County district court seeking their appointment as sole managing conservators of C.H. Pleading Grayson County as the county of their grandchild's residence and their proposed conservatorship to be in C.H.'s best interest, they alleged a pattern of child abuse and neglect against their son, C.H.'s father, Real Party in Interest J.H., and C.H.'s mother, Real Party in Interest B.D., and specifically asked the court to deny the parents access to C.H. or, alternatively, to limit such access to supervised visitation. Relators did not seek termination of the parents' parental rights. They did, however,

---

[1]We use aliases to refer to the child and her family members. *See* Tex. Fam. Code Ann. § 109.002(d); Tex. R. App. P. 9.8(b)(2).

identify the Marlin Unit of the Texas Department of Criminal Justice in Falls County as the proper place for service of process for B.D.

Of later significance, the Grayson County SAPCR neither identified Relators as residents of Grayson County, nor expressly asserted their actual care, control, and possession of C.H. The only allegation of actual care, control, or possession of C.H. was inferential. Pleading for temporary orders, Relators asked that the Grayson County district court enjoin B.D. and J.H. from "interfering in any way with [Relators'] possession of the child by taking or attempting to take possession of the child, directly or through any other person, from the residence, school, or any other place."

On February 26, 2021, B.D. filed this original SAPCR in the Denton County district court seeking her own appointment as managing conservator for C.H. and the appointment of J.H. as the child's possessory conservator. Identifying herself as a resident of Parker County and J.H. as a resident of Denton County, B.D.'s petition did not identify the county of residence for C.H. nor in any manner identify who was in actual possession of the child. Although affirmatively identifying J.H. as the biological father of C.H., in the event he denied paternity or refused to file a statement of paternity, B.D.'s petition sought an order that he submit to DNA testing to determine his paternity.

On March 11, 2021, T.H. filed a motion in the Denton County district court seeking to transfer venue of B.D.'s SAPCR to the Grayson County district court

3

alleging (1) C.H. to be a resident of Grayson County, thereby rendering venue in Denton County improper, and (2) the antecedent filing of his own SAPCR on January 19, 2021, as evidenced by an attached copy of the original Grayson County SAPCR. Significantly, although Section 103.001(a) of the Texas Family Code provides that, in the absence of exceptions not applicable here, an original SAPCR "shall be filed in the county where the child resides," neither T.H.'s motion nor the attached petition alleged that T.H. was "the adult having actual, care, control, and possession of the child" for purposes of establishing the county of C.H.'s residence. *See* Tex. Fam. Code Ann. § 103.001(a), (c)(3) (establishing venue in the county of residence of "the adult having actual care, control, and possession of the child" when the child "is in the care and control of an adult other than a parent and a managing conservator, custodian, or guardian of the person has not been appointed").

On March 19, 2021, J.H. filed a pro se general denial in the Grayson County SAPCR, employing a form copyrighted by TexasLawHelp.org as *SAPCR–Respondent's Original Answer*, dated September 2015. Although the form expressly warned that the user should consult an attorney before filing the form to avoid waiver of jurisdictional objections, it did not provide a means for challenging venue, let alone any warning that such a challenge may be waived unless filed before or concurrently with any other pleading, including a general denial. *See* Tex. R. Civ. P. 86(1). On March 24, 2021, J.H. filed a pro se general denial in the Denton County SAPCR using the exact same form.

4

On March 30, 2021, B.D. filed an objection to the motion to transfer, asserting as grounds that (1) Relators lacked standing to seek transfer since they were not parties to the suit, (2) J.H. had previously filed his original answer in the suit and had not objected to venue in Denton County, and (3) the motion to transfer failed to comply with certain pleading requirements of Rule 86 of the Texas Rules of Civil Procedure. Her objection further argued that Relators lacked standing as grandparents because the original Grayson County SAPCR that Relators attached to the motion to transfer failed to provide "satisfactory proof" that the order sought in the Grayson County SAPCR was "necessary because the child's present circumstances would significantly impair the child's physical health or emotional development," as required by Section 102.004(a)(1) of the Family Code. *See* Tex. Fam. Code Ann. § 102.004(a)(1) (establishing requirements for grandparents to seek managing conservatorship of their grandchildren). Critically, however, B.D.'s objection neither denied that C.H. was in the actual care, control, and possession of Relators, nor identified J.H. as the venue parent in actual possession of the child. *See* Tex. Fam. Code Ann. § 103.001(c)(2) ("[I]f the parents of the child do not reside in the same county and if a managing conservator, custodian, or guardian of the person has not been appointed, the child resides in the county where the parent having actual care, control, and possession of the child resides[.]").

On May 5, 2021, the Denton County district court conducted a hearing on the motion to transfer venue during which counsel for Relators and B.D. appeared via

5

Zoom. J.H. also appeared via Zoom representing himself. And Relators were available to testify, if necessary.

At the outset, observing that the court's file did not reflect that Relators had filed an intervention, the court pointedly asked counsel for Relators the legal basis for their standing to request relief. Counsel responded by asserting that C.H. was ten years old, had lived with Relators most of her life, exclusively so for the last two-and-a-half years; that not only did Relators have standing as grandparents, but also as adults in possession of C.H. for the last six months; and that Chapter 103 of the Family Code mandates transfer to the county of the child's residence, does not require a movant to be a party by intervention, and does not require a verified motion to so move. Counsel for B.D. responded by asserting that, absent their appearance as parties, Relators lacked standing to seek a transfer of venue, and that, even if they were grandparents of the child, Section 102.004 still required an evidentiary showing that had not been made for purposes of establishing their standing. Observing that the assertions of possession made by counsel for Relators did not appear in the pleadings attached to the motion, the court denied the motion because Relators were not parties to the Denton County SAPCR. *See id.* § 101.026 (providing that a court may render a ruling in a SAPCR "orally in the presence of the court reporter").

Critically, at no point during the hearing did counsel for B.D. contradict the assertion of counsel for Relators that C.H. had been residing exclusively with them in Grayson County for the past two-and-a-half years. Indeed, through the conclusion of

6

this hearing, whether by pleading, objection, or argument, counsel for B.D. never asserted that C.H. was in the actual care, control, and possession of one of her parents, including the venue parent, J.H., or that the residence of the child was in Denton County. And at no time during the hearing did anyone, including the court, ask the venue parent, J.H., to offer any such information.

On May 10, 2021, Relators filed a petition in intervention in the Denton County SAPCR identifying themselves as C.H.'s paternal grandparents, seeking sole managing conservatorship of the child, and alleging standing on the grounds that (1) though not foster parents, they had actual care, control, and possession of the child for at least six months ending not more than 90 days preceding the filing of their petition, *id.* § 102.003(a)(9), and (2) as grandparents seeking managing conservatorship of the child, satisfactory proof had been shown that appointing either B.D. and J.H. as a joint managing conservator would significantly impair C.H.'s physical health and emotional development, *id.* § 102.004(a)(1), (b). Relators further asserted that the county of C.H.'s residence was Grayson County.

In support of their petition in intervention, Relators filed a joint supporting affidavit in which both swore to the following facts:

> The child the subject of this suit has lived with us exclusively off and on pretty much her entire life. Most recently, she has lived with us uninterrupted, exclusively, without the help of either parent for the last two and a half years. [C.H.] has been attending school in Grayson County from our residence for the past four years. We love our granddaughter dearly, and have been taking care of her needs financially, emotionally, and physically since she was born.

7

The father of the child is our son. Unfortunately he has a sobriety issue. He is suffering from alcohol addiction. He has times when he is doing good and staying sober; but then he relapses. We do not believe it is in the child's best interest for J.H. to be appointed as a Joint Managing Conservator.

The mother of the child is the Petitioner. B.D. has been in and out of prison since the child was born. She has an extensive criminal history and currently has a warrant for her arrest out of Florida. She doesn't have a stable residence or employment. She also suffers from issues of sobriety. B.D. has a history of drug use and abuse. Once she gets out of jail, she is clean and sober for a brief period but then she relapses. I do not believe it is in the child's best interest for B.D. to be appointed as a Joint Managing Conservator. [Quotation marks omitted.]

And contemporaneously with their petition in intervention and joint supporting affidavit, Relators filed both an amended motion to transfer with the joint supporting affidavit and original Grayson County SAPCR attached and a motion to reconsider their original motion to transfer, specifically asserting mandatory venue on the basis of Section 103.002.

On May 25, 2021, the Denton County district court conducted a hearing on both venue motions. Counsel for B.D. and counsel for Relators appeared via Zoom, and Relators were made available for questioning by the court. J.H. did not appear.

Counsel for Relators argued that since the child's county of residence was Grayson County and had been exclusively for almost four years, the mandatory venue statute required transfer to that county. As to standing, counsel observed that Relators had now filed a petition in intervention and argued that Relators had met the burden required by Section 102.004 because the particular circumstances of the parents were

8

likely to be detrimental to the safety and welfare of the child. In response, counsel for B.D. stood on the objections he had previously filed against the original motion to transfer and argued that Relators had still not established standing for purposes of intervention, including that either parent was unfit in any manner. Tellingly, just like in the previous hearing, counsel never asserted that C.H. was in the care, control, and possession of one of her parents, including the venue parent, J.H., or that the residence of the child was in Denton County.

At the close of the hearing, the court made the following ruling: "Okay. I think I was real clear at my—at the last hearing of what I thought needed to happen, so the Motion to Reconsider is denied."

Relators thereafter petitioned this Court for a writ of mandamus directed to the Denton County district court ordering the transfer of the Denton County SAPCR to the mandatory venue of Grayson County.

## ANALYSIS

### A. Mandamus relief is available to transfer SAPCR to mandatory venue.

Generally, a writ of mandamus will not issue unless a trial court abuses its discretion and no adequate remedy is available via appeal. *In re C.J.C.*, 603 S.W.3d 804, 811 (Tex. 2020) (orig. proceeding). "In determining whether to grant mandamus relief, an appellate court should defer to the trial court's factual determinations supported by the record." *Id.* "But an appellate court may grant mandamus relief if

9

the trial court 'fails to correctly analyze or apply the law.'" *Id.* (quoting *In re Ford Motor Co.*, 165 S.W.3d 315, 317 (Tex. 2005) (orig. proceeding)).

Mandamus relief is generally unavailable as a means of reviewing trial court rulings on venue. *In re Thompson*, 434 S.W.3d 624, 628 (Tex. App.—Houston [1st Dist.] 2014, orig. proceeding [mand. denied]). Nevertheless, "Texas courts have consistently held that mandamus is proper when a trial court refuses to compel mandatory transfer in a suit affecting the parent-child relationship." *In re R.H.*, No. 02-20-00342-CV, 2020 WL 7776794, at *3 (Tex. App.—Fort Worth Dec. 31, 2020, orig. proceeding) (mem. op.); *see Proffer v. Yates*, 734 S.W.2d 671, 673 (Tex. 1987) (orig. proceeding) ("Transfer of a case to a county where the child has resided for more than six months is a mandatory ministerial duty under [the Family Code]."); *Leonard v. Paxson*, 654 S.W.2d 440, 441–42 (Tex. 1983) (orig. proceeding) (observing that permitting parties to contract around the mandatory venue and transfer provisions of the Family Code "would defeat the legislature's intent that matters affecting the parent-child relationship be heard in the county where the child resides, and would promote forum shopping by contract"); *In re Yancey*, 550 S.W.3d 671, 675 (Tex. App.—Tyler 2017, orig. proceeding) (per curiam) (mem. op.) (observing that the plain language of the mandatory venue and transfer provisions of the Family Code "demonstrates the legislature's desire that matters affecting the parent-child relationship be heard in the county of the child's residence"). Such a refusal is a clear

10

abuse of discretion. *Proffer*, 734 S.W.2d at 672; *In re Powell*, 79 S.W.3d 814, 817 (Tex. App.—Fort Worth 2002, orig. proceeding).

Moreover, a remedy by appeal is inadequate because "[p]arents and children who have a right under the mandatory venue provisions to venue in a particular county should not be forced to go through a trial that is for naught." *Proffer*, 734 S.W.2d at 673. "Justice demands a speedy resolution of child custody and child support issues." *Id.*; *see In re Tex. Dep't of Fam. & Protective Servs.*, 210 S.W.3d 609, 613 (Tex. 2006) (orig. proceeding) (op. on reh'g) (quoting *Proffer*). And it is simply easier to prove the *current* circumstances affecting children in their county of residence. *Cassidy v. Fuller*, 568 S.W.2d 845, 847 (Tex. 1978) (orig. proceeding).

**B.** **County where child resides is a mandatory SAPCR venue.**

Except for certain exceptions not applicable here, an original SAPCR "shall be filed in the county where the child resides." Tex. Fam. Code Ann. § 103.001(a). "A child resides in the county where the child's parents reside or the child's parent resides, if only one parent is living" unless, as alleged here, "the child is in the care and control of an adult other than a parent and a managing conservator, custodian, or guardian of the person has not been appointed[ and] the child resides where the adult having actual care, control, and possession of the child resides." *Id.* § 103.001(c)(3).

"As a general rule, transfer of an original SAPCR is mandatory if venue is improper and a party other than the petitioner files a timely motion to transfer the case to the county of proper venue." *In re Phillips*, No. 12-07-00164-CV, 2007 WL

11

3015461, at *1 (Tex. App.—Tyler Oct. 17, 2007, orig. proceeding) (mem. op.) (citing Tex. Fam. Code Ann. § 103.002(a)). To transfer an original SAPCR to a county of mandatory venue, a party other than the petitioner must comply with the procedures set forth in Chapter 155 of the Code; the rules of civil procedure governing transfers have no application. *Id.* at *2 (citing Tex. Fam. Code Ann. § 103.002(c)(1)).

The only requirement for filing a motion to transfer venue pursuant to Section 103.002 is that the movant be "a party other than the petitioner" who filed the original SAPCR. Tex. Fam. Code Ann. § 103.002(a); *see In re Sanchez*, 1 S.W.3d 912, 915 (Tex. App.—Waco 1999, orig. proceeding) (holding that a motion for mandatory transfer under Chapter 155 need not be verified nor supported by affidavit). Since the motion is seeking mandatory transfer on the grounds that the child does not reside in the petitioner's chosen venue, but in another, the mere filing of the motion shifts the burden of proof to the petitioner or another party seeking to avoid transfer to demonstrate otherwise. *See* Tex. Fam. Code Ann. §§ 103.002(a), 155.204(d).

The manner of contesting a mandatory transfer is straightforward. "On or before the first Monday after the 20th day after the date of notice of a motion to transfer is served, a party desiring to contest the motion must file a controverting affidavit denying that grounds for the transfer exist." *Id.* § 155.204(d); *see In re L.C.R.*, No. 01-19-00667-CV, 2020 WL 3456595, at *4 (Tex. App.—Houston [1st Dist.] June 25, 2020, no pet.) (mem. op.) ("[A]n affidavit that fails to deny venue facts is not a controverting affidavit under Section 155.204(d)."); *In re Burling*, No. 05-16-00529-

12

CV, 2016 WL 3438075, at *2 (Tex. App.—Dallas June 21, 2016, orig. proceeding) (mem. op.) ("When . . . a controverting affidavit . . . fails to deny that grounds for transfer exist[,] the allegations in the motion to transfer are effectively uncontroverted.").

If a qualifying controverting affidavit is timely filed, each party is entitled to notice not less than ten days before the hearing date on the transfer motion. Tex. Fam. Code Ann. § 155.204(e). At the hearing, "[o]nly evidence pertaining to the transfer may be taken." *Id.* § 155.204(f). If, on the other hand, no controverting affidavit is filed within the period allowed for its filing, "the proceeding shall, not later than the 21st day after the final date of the period allowed for the filing of a controverting affidavit, be transferred without a hearing to the proper court." *Id.* § 155.204(c); *see In re Estes*, No. 07-17-00225-CV, 2017 WL 3122359, at *2 (Tex. App.—Amarillo July 19, 2017, orig. proceeding) (mem. op.) ("Because Guerrero did not file a controverting affidavit, the trial court had a mandatory ministerial duty to transfer venue to Gray County on May 8, 2017."). This provision is mandatory. *See Proffer*, 734 S.W.2d at 673; *In re Venegas*, 595 S.W.3d 341, 344 (Tex. App.—Eastland 2020, orig. proceeding). And an order transferring or refusing to transfer venue under this procedure is not subject to interlocutory appeal. Tex. Fam. Code Ann. § 155.204(h).

13

## C. Grayson County was mandatory venue for B.D.'s original SAPCR.

By filing their intervention in the Denton County SAPCR, Relators became parties who could challenge venue on the grounds that the county of mandatory venue was Grayson County pursuant to Subsections (a) and (c)(3) of Section 103.001. The Denton County district court had a ministerial duty to transfer B.D.'s original SAPCR to Grayson County.

As a matter of law, Relators became parties in the Denton County SAPCR authorized to seek a mandatory transfer to Grayson County when they filed their petition in intervention. Rule 60 of the Texas Rules of Civil Procedure provides that "[a]ny party may intervene by filing a pleading subject to being stricken out by the court for sufficient cause on the motion of any party." Tex. R. Civ. P. 60; *see In re Russell*, 321 S.W.3d 846, 855–56 (Tex. App.—Fort Worth 2010, orig. proceeding [mand. denied]) (citing Rule 60 and holding that a person may become a party by intervention in a SAPCR only "by filing a pleading"); *Walker v. Miller*, 729 S.W.2d 120, 122 (Tex. App.—Dallas 1987, orig. proceeding) (by intervening, grandparents became parties to pending SAPCR seeking modification of custody, subject only to being stricken). Although B.D., through the argument of counsel, challenged the standing of Relators to intervene, the record does not reflect that she ever filed a motion to strike in response to the filing of Relators' petition in intervention. *See In re Union Carbide Corp.*, 273 S.W.3d 152, 155 (Tex. 2008) (orig. proceeding) ("The parties to the pending case may protect themselves from the intervention by filing a motion to strike.").

14

Absent such a responsive motion to strike, Relators remained parties to the Denton County SAPCR who, by the provisions of Sections 103.002(a) and 155.204(b), retained the right to move for mandatory transfer to C.H.'s county of residence. Tex. Fam. Code Ann. §§ 103.002(a) ("on the timely motion of a party other than the petitioner"), 155.204(b) ("a motion to transfer by a petitioner or movant . . . [or] another party is timely"); *see Walker*, 729 S.W.2d at 122–23 (holding intervening grandparents to be both "parties" authorized to file a motion for mandatory transfer and "petitioners" rendering the filing of their motion contemporaneously with their petition in intervention timely). With the timely filing of Relators' amended motion to transfer,[2] the burden shifted to B.D. and J.H. to controvert the mandatory venue facts asserted by Relators.

Neither B.D. nor J.H. filed a controverting affidavit establishing the propriety of venue in Denton County or negating the mandatory venue facts asserted by Relators. Relators' amended motion to transfer venue and supporting affidavit, taken together, established: (1) C.H. currently resided with them in Grayson County; (2) C.H. had lived with them for most of her life including the last two-and-a-half years "uninterrupted, exclusively, without the help of either parent"; (3) "[C.H.] ha[d] been attending school in Grayson County from [their] residence for the past four years"; (4) they have been taking care of C.H.'s financial, emotional, and physical

---

[2]Relators placed themselves in the exact position of the intervening grandparents in *Walker*. Unlike in *Walker*, however, B.D. did not challenge the timeliness of their motion. *See Walker*, 720 S.W.2d at 123.

needs since she was born; (5) J.H. suffers from alcohol addiction; and (6) B.D. has a history of drug abuse, an extensive criminal history, and is wanted for arrest in Florida. And as observed previously, neither B.D.'s original petition nor her written objections to Relators' original motion to transfer, nor any argument urged by her counsel during either hearing, asserted that (1) C.H. resided with either B.D. or J.H., the ostensible venue parent or (2) C.H was subject to the care, control, and possession of either B.D. or J.H. Nor did B.D. ever contradict, by pleading, objection or argument, the mandatory venue facts alleged, asserted, and ultimately proven by Relators. With the mandatory venue facts undisputed, by either a controverting affidavit or the presentation of any evidence at the second hearing, the Denton County district court had a ministerial duty to transfer the Denton County SAPCR to Grayson County.[3] *See* Tex. Fam. Code Ann. § 155.204(c); *see Estes*, 2017 WL 3122359, at *2; *see also In re Foreman*, No. 05-13-01618-CV, 2014 WL 72483, at *2 (Tex. App.—Dallas Jan. 9, 2014, orig. proceeding [mand. denied]) (mem. op.) (granting mandamus relief conditionally when undisputed evidence demonstrated the county of residence for the children made the subject of father's modification SAPCR at the time and during the six-month period preceding its commencement was Collin County).

---

[3]Although the trial court conducted the second hearing before the time frame contemplated by Chapter 155, B.D. waived any complaint thereof by failing to object and by participating through counsel. *See Sloan v. Rivers*, 693 S.W.2d 782, 784 (Tex. App.—Fort Worth 1985, no writ) (party waived complaint about lack of full ten days' notice of hearing by appearing and participating in hearing without objection).

**D.    Relators proved both general and grandparent-specific standing.**

The only remaining question is whether, as argued by counsel for B.D. in both hearings, but not in this original proceeding,[4] Relators lacked standing to seek the mandatory transfer of the Denton County SAPCR to Grayson County. Assuming, without deciding, that a movant for mandatory transfer pursuant to Section 103.002(a) must demonstrate not only status as a party to the original SAPCR, but also standing to seek affirmative relief, we hold that Relators provided "satisfactory proof" of both general and grandparent-specific standing on this record.

### 1.    *General and grandparent-specific standing.*

"Standing, like other issues implicating a court's subject matter jurisdiction, is a question of law that we review de novo." *In re H.S.*, 550 S.W.3d 151, 155 (Tex. 2018). "Generally, standing involves a threshold determination of whether a [party] has a sufficient 'justiciable interest' in the suit's outcome to be entitled to a judicial determination." *Id.* Without standing, a court lacks subject matter jurisdiction to adjudicate the merits of a party's claims. *Id.* "Here, the merits of [Relators'] claims— that is, whether they should be appointed [their granddaughter's] managing

---

[4]By an order staying the Denton County SAPCR, we requested a response to Relators' petition from B.D. as Real Party in Interest. To date, we have not received any such response. Unfortunately, the failure of a real party in interest to defend the ruling made the subject of an original proceeding leaves the court to which the writ may be directed without representation before the reviewing court. Trial courts should expect a vigorous defense from those in whose favor they have ruled. The absence of such a defense reflects poorly on the credibility of the prevailing party and their counsel, not the trial court's exercise of discretion in their favor.

conservators with the right to designate her primary residence—have not yet been considered by any court and are not before us." *Id.* Whether Relators, as paternal grandparents, will succeed by their intervention in the Denton County SAPCR is ultimately a different question than whether they have the right simply to intervene. *See id.* (citing *In re Smith*, 260 S.W.3d 568, 573 (Tex. App.—Houston [14th Dist.] 2008, orig. proceeding)). "In evaluating standing, we construe the pleadings in the [party's] favor, but we also consider relevant evidence offered by the parties." *Id.*

"Section 102.003, entitled 'General Standing to File Suit,' enumerates fourteen categories of persons who have standing to file a SAPCR." *Id.* (citing Tex. Fam. Code Ann. § 102.003(a)). Subsection (a)(9) confers general standing on "a person, other than a foster parent, who has had actual care, control, and possession of the child for at least six months ending not more than 90 days preceding the date of the filing of the petition." Tex. Fam. Code Ann. § 102.003(a)(9).

> [A] nonparent has "actual care, control, and possession of the child" under section 102.003(a)(9) if, for the requisite six-month time period, the nonparent served in a parent-like role by (1) sharing a principal residence with the child, (2) providing for the child's daily physical and psychological needs, and (3) exercising guidance, governance, and direction similar to that typically exercised on a day-to-day basis by parents with their children.

*H.S.*, 550 S.W.3d at 160.[5] Subsection (a)(9) "does not require the nonparent to have ultimate legal authority to control the child, nor does it require the parents to have

---

[5]*See also Jasek v. Tex. Dep't of Fam. & Protective Servs.*, 348 S.W.3d 523, 534 (Tex. App.—Austin 2011, no pet.) (holding general standing established when person

wholly ceded or relinquished their own parental rights and responsibilities." *Id.* Significantly, the "actual care, control, and possession" language of subsection (a)(9) tracks the mandatory venue language of Section 103.001(c)(3). *See* Tex. Fam. Code Ann. § 103.001(b)(3).

Alternatively, Section 102.004(a)(1) confers standing specific to grandparents and other close relatives—distinct and in addition to the general standing provided by Section 102.003—to file an original SAPCR requesting managing conservatorship of the child upon "satisfactory proof" that "the child's present circumstances would significantly impair the child's physical health or emotional development." *See H.S.*, 550 S.W.3d at 156 n.6 (quoting Tex. Fam. Code Ann. § 102.004(a)(1)). Similarly, although a grandparent or other person lacks specific standing to file an original SAPCR requesting possessory conservatorship, a trial court may grant them leave to intervene in a pending SAPCR for such purposes if "deemed by the court to have had substantial past contact with the child" and "there is satisfactory proof . . . that appointment of a parent as sole managing conservator or both parents as joint managing conservators would significantly impair the child's physical health or emotional development." Tex. Fam. Code Ann. § 102.004(b); *see In re M.J.G.*, 248 S.W.3d 753, 757 (Tex. App.—Fort Worth 2008, no pet.); *see also C.J.C.*, 603 S.W.3d at

---

"(1) lived in the same home as the child or lived in a home where the child stayed overnight on a regular and frequent basis, (2) made financial contributions benefitting the child, (3) was involved with the child's education, and (4) was involved in matters involving the child's general upbringing, like health care, feeding, and clothing"), *quoted with approval in H.S.*, 550 S.W.3d at 160 n.13.

816 & n.54 (considering general standing pursuant to Section 102.003(a)(9) and grandparent-specific standing pursuant to Section 102.004(b) to be distinct grounds for grandparent standing).

Of particular significance in this case, the availability of leave to intervene with proof of standing established pursuant to subsection (b) does not exclude the availability of intervention with proof of standing pursuant to subsection (a)(1). *In re S.B.*, No. 02-11-00081-CV, 2011 WL 856963, at *2 (Tex. App.—Fort Worth Mar. 11, 2011, orig. proceeding) (mem. op.). "Generally, an intervenor must show standing to maintain an original suit in order to intervene." *Id.* "Subsection (b) was added to provide those persons who did not otherwise have standing to file an original suit permission to intervene in a pending suit brought by a person with standing." *Id.*

> In other words, the existence of subsection (b), allowing a grandparent to intervene in a pending suit if he or she can make the required showing that the appointment of one or both parents as managing conservator would significantly impair the emotional development or physical health of the child, does not prohibit a grandparent who has standing under subsection (a) from intervening in an existing suit under that subsection.

*Id.* If Relators demonstrate the standing to bring an original SAPCR requesting managing conservatorship, they similarly demonstrate their standing to intervene in the pending Denton County SAPCR. *See id.* Procedurally, however, only intervention pursuant to Subsection (b) requires leave of court; intervention pursuant to Subsection (a)(1) is subject to a motion to strike. *See id.* at 3; *see also In re Lewis*, 357 S.W.3d 396, 403 (Tex. App.—Fort Worth 2011, orig. proceeding) (holding an abuse

of discretion in trial court's refusal to strike grandparents petition in intervention asserting standing pursuant to Section 102.004(a)(2)).

## 2. *Applicable standards of review.*

Asserting both general and grandparent-specific standing, Relators bear the burden of alleging facts or presenting evidence conferring their standing to intervene in the Denton County SAPCR. To demonstrate general standing under Section 102.003(a)(9), Relators bear the burden of alleging facts demonstrating jurisdiction, and we must construe their pleadings liberally in their favor. *In re Y.B.*, 300 S.W.3d 1, 4 (Tex. App.—San Antonio 2009, pet. denied) (op. on reh'g); *M.J.G.*, 248 S.W.3d at 757. "We review the standing issue de novo." *M.J.G.*, 248 S.W.3d at 757. And we consider any evidence considered by the trial court when necessary to determine jurisdictional facts. *See id.*

In conducting our evidentiary review, we take all evidence favorable to Relators and indulge every reasonable inference and resolve any doubts in their favor. *Id.* at 758. If the evidence creates a fact question regarding their standing, then the trial court must allow the issue to be resolved by the trier of fact. *Id.* If the evidence is undisputed or fails to raise a fact question, however, we may determine their standing as a matter of law. *See id.*

Alternatively, to demonstrate grandparent-specific standing to maintain an *original* SAPCR for managing conservatorship under Section 102.004(a)(1), Relators bear the burden of presenting "satisfactory proof" that an order granting them

21

managing conservatorship "is necessary because the child's present circumstances would significantly impair the child's physical health or emotional development." *See Russell*, 321 S.W.3d at 858–59, 863 (applying Section 102.004(a)(1) when alleged grandparents intervened seeking joint managing conservatorship of child); *M.J.G.*, 248 S.W.3d at 759–60 (same). "Satisfactory proof" means "proof established by a preponderance of the evidence as the facts existed at the time the suit or intervention was filed." *Rolle v. Hardy*, 527 S.W.3d 405, 417 (Tex. App.—Houston [1st Dist.] 2017, no pet.) (quoting *Compton v. Pfannenstiel*, 428 S.W.3d 881, 885 (Tex. App.—Houston [1st Dist.[ 2014, no pet.)). "Present circumstances" means the circumstances in existence as of the date the suit or intervention requesting managing conservatorship was filed. *See In re Caudillo*, No. 03-19-00208-CV, 2020 WL 6478417, at *4 (Tex. App.—Austin Oct. 28, 2020, orig. proceeding) (mem. op.).

The evidence must do more than merely raise a suspicion or foster speculation of possible harm; instead, if the present circumstances of the child involve the actual care, control, and possession of a parent, or the legal right thereto,[6] the grandparent must "offer evidence of specific actions or omissions of the parent that demonstrate an award of custody to the parent would result in physical or emotional harm to the

---

[6]*See Caudillo*, 2020 WL 6478417, at *4 n.1 ("As to 'present circumstances' in this case, we note that it is undisputed that Mother, as the child's surviving parent, has a superior right to present possession of the child, which she could, absent this suit, enforce by seeking a writ of habeas corpus. Consequently, the 'child's present circumstances' in this case include Mother's right, as the surviving parent, to sole possession of the child." (citations omitted)).

child." *See id.* at \*5 (quoting *Lewelling v. Lewelling*, 796 S.W.2d 164, 167 (Tex. 1990)). "In other words, the evidence must support a logical inference that the parent's specific, identifiable behavior or conduct will probably result in serious harm to the child's physical or emotional well-being." *Id.*

"Acts or omissions that constitute significant impairment include, but are not limited to, physical abuse, severe neglect, abandonment, drug or alcohol abuse, or immoral behavior by a parent." *Id.*; *In re A.T.*, No. 02-04-00355-CV, 2006 WL 563565, at \*7 (Tex. App.—Fort Worth Mar. 9, 2006, pet. denied) (mem. op.) (same). "Other considerations may include parental irresponsibility, a history of mental disorders and suicidal thoughts, frequent moves, bad judgment, child abandonment, and an unstable, disorganized, and chaotic lifestyle that has put and will continue to put the child at risk." *In re S.T.*, 508 S.W.3d 482, 492 (Tex. App.—Fort Worth 2015, no pet.) (applying *Lewelling* standard). Although evidence of past misconduct, standing alone, may not be sufficient to demonstrate present circumstances forecasting substantial impairment, "a factfinder may infer the present fitness of a parent to be managing conservator from the parent's recent, deliberate past misconduct." *Caudillo*, 2020 WL 6478417, at \*5. Absent specific evidence of such acts or omissions, however, general evidence that a grandparent would be a better custodian of the child is inadequate to rebut the presumption favoring parental custody; "close calls" should be decided in favor of parental custody. *See In re Mitchell*, 585 S.W.3d 38, 48 (Tex. App.—Texarkana 2019, no pet.) (quoting *Lewelling*, 796 S.W.2d at 168). Our standard for conducting this

23

evidentiary review is an abuse of discretion. *See Russell*, 321 S.W.3d at 863 ("Accordingly, the trial court abused its discretion by determining that the Harveys had standing under section 102.004(a)(1) of the family code.").

Finally, to demonstrate grandparent-specific standing to intervene in a *pending* SAPCR for possessory conservatorship under Section 102.004(b), and to obtain leave of court to so intervene, Relators bear the burden of presenting "satisfactory proof" that "appointment of a parent as sole managing conservator or both parents as joint managing conservators would significantly impair the child's physical health or emotional development." Tex. Fam. Code Ann. § 102.004(b). As with subsection (a)(1), the "satisfactory proof" standard is by a preponderance of the evidence. *In re C.A.H.*, No. 11-10-00040-CV, 2011 WL 947082, at *2 (Tex. App.—Eastland Mar. 3, 2011, no pet.) (mem. op.). And the evidentiary determination of a parent's fitness for managing conservatorship under subsection (b) is the same as that relevant to the present circumstances of the child under subsection (a)(1). *See Caudillo*, 2020 WL 6478417, at *4 n.1, *5. Review for an abuse of discretion is the same as well. *See Russell*, 321 S.W.3d at 863 & n.17.

### 3. *Section 102.003(a)(9) standing.*

By way of their petition in intervention, amended motion for transfer, and supporting joint affidavit, Relators pleaded and proved that C.H. resided in Grayson County in their care, control, and possession for at least the six months required by

Section 102.003(a)(9). More specifically, by virtue of their supporting affidavit, both swore that:

- C.H. had lived with them off and on for most of her life;

- C.H. had lived exclusively with them without the help of either parent for the last two-and-a-half years;

- They have been taking care of C.H.'s financial, emotional, and physical needs since she was born;

- C.H.'s father is addicted to alcohol; and

- C.H.'s mother has an extensive criminal history and is addicted to drugs.

Neither B.D. nor J.H. sought to strike Relators' petition in intervention, as required by Rule 60, nor did either file a formal response to Relators' amended motion to transfer venue, let alone the controverting affidavit required by Section 155.204(c).

Moreover, through the end of the hearing on the amended motion, no pleading or argument of the parents identified the county where their child resided for venue purposes, nor contradicted the consistent pleading and evidence offered by Relators that Grayson County was the mandatory venue for any SAPCR. Nor had the parents offered any pleading or evidence that C.H. resided with or was within the care, control, and possession of B.D. or J.H., the ostensible venue parent.

As a result, the following facts were undisputed for purposes of establishing mandatory venue and Relators' general standing:

25

- C.H. had lived in Grayson County with Relators uninterrupted, exclusively, and without any support from either B.D. or J.H. for two-and-a-half years;

- C.H. had attended school in Grayson County from Relators' residence for four years;

- Relators had been providing financial, emotional, and physical support for C.H. her entire life;

- Neither B.D. nor J.H. had provided any financial support for C.H. for the last two-and-a-half years;

- J.H.'s lifestyle is unstable by virtue of his inability to overcome his continuing addiction to alcohol;

- B.D.'s lifestyle is both immoral and unstable by virtue of her extensive criminal history, including a recent warrant for her arrest in Florida, and her repeated incarceration;

- B.D.'s lifestyle is further immoral and unstable by virtue of her history of drug use and abuse; and

- B.D.'s lifestyle is further unstable due to her inability to maintain a stable residence or stable employment.

With these mandatory venue and standing facts undisputed, by either a controverting affidavit or the presentation of any evidence at the second hearing, the Denton County district court had a ministerial duty to transfer the Denton County SAPCR to Grayson County; its failure to do so was an abuse of discretion. Tex. Fam. Code Ann. § 155.204(c); *see Estes*, 2017 WL 3122359, at *2; *see also Foreman*, 2014 WL 72483, at *2.

### 4. *Section 102.004(a)(1) and Section 102.004(b) standing.*

Alternatively, in their petition in intervention, Relators invoked both subsection (a)(1), by seeking managing conservatorship, and subsection (b), by challenging the propriety of appointing B.D. and J.H. as joint managing conservators, urging satisfactory proof that such appointment would significantly impair C.H.'s physical health and emotional development. Tex. Fam. Code Ann. § 102.004(a)(1), (b). We review these grounds together because the present circumstances of C.H. include her parents having the legal right to the care, control, and possession of C.H., for which B.D. has pleaded by way of her petition. *See Caudillo*, 2020 WL 6478417, at *4 n.1, *5.

As demonstrated by our general standing analysis, the undisputed mandatory venue and standing facts show, by a preponderance of the evidence, that the present circumstances of C.H., vis-à-vis her parents, whether considering B.D.'s immediate assertion of her care, control, and possession from Relators, or B.D.'s proposed appointment of managing conservatorship, would significantly impair C.H.'s physical health and emotional development. As an initial matter, "[b]ecause safety, security, and stability are critical to child development, the danger of uprooting a child may in some instances rise to a level that significantly impairs the child's emotional development." *Chavez v. Chavez*, 148 S.W.3d 449, 458–59 (Tex. App.—El Paso 2004, no pet.). Relators presented evidence that over the course of the last two-and-a-half years, they have exercised exclusive care, control, and possession of C.H. without any support from either B.D. or J.H. They have been the child's sole financial, emotional,

27

and physical support, including providing significant care such as assuring her attendance in school from their home. The exercise of her parents' legal right to possession would likely uproot C.H. from a stable, secure, and safe living environment and thereby significantly impair her physical health and emotional development.

Moreover, the evidence presented of her parents' respective lifestyles demonstrates the likelihood that the living environment they could offer would be sufficiently unstable to significantly impair her physical and emotional well-being. The undisputed evidence demonstrated that J.H. is addicted to alcohol and that B.D. has been in and out of prison since C.H. was born, with an arrest warrant recently having been issued for her in Florida. Relators also testified via their affidavit that B.D. has a history of drug abuse. Finally, the absence of support for their daughter through the last two-and-a-half years demonstrates abandonment and neglect on the part of both parents.

At the hearing on the amended motion to transfer venue, B.D. did not dispute any of this evidence other than to argue through counsel that Relators had not met their burden of satisfactory proof to show B.D. and J.H. to be "unfit parents." Yet, the record reflects that Relators offered evidence of specific actions and omissions of B.D. and J.H. that demonstrated that appointing them managing conservators would cause C.H. significant impairment both physically and emotionally. *See* Tex. Fam. Code Ann. § 102.004(a)(1), (b). Accordingly, Relators had grandparent-specific

standing to intervene pursuant to either Subsection (a)(1) or Subsection (b) and to seek transfer of the Denton County SAPCR to Grayson County as a county of mandatory venue. *See Caudillo*, 2020 WL 6478417, at *4 n.1, 5.

By refusing to order the transfer of venue sought by Relators, the Denton County district court abused its discretion. *See In re Leder*, 263 S.W.3d 283, 285 (Tex. App.—Houston [1st Dist.] 2007, orig. proceeding) (holding an erroneous denial of a mandatory venue transfer is subject to mandamus relief without a showing of inadequate remedy by appeal). Accordingly, we conditionally grant the writ of mandamus. Writ will issue only if the Denton County district court fails to vacate its June 7, 2021 order denying Relators' amended motion to transfer venue and fails to enter an order transferring the Denton County SAPCR to Grayson County.

/s/ Wade Birdwell

Wade Birdwell
Justice

Delivered:  October 21, 2021